[No. 18083.  Department One. — March 21, 1893.]

ALEXANDER GORDON, ADMINISTRATOR, ETC., APPEL-
LANT, v. JANE E. BOOKER, RESPONDENT.

BOUNDARY LINE — LOCATION OF HALF-SECTION CORNER — SURVEY — FIND-
ING AGAINST EVIDENCE. — In an action to quiet title to city lots, where
the only point in controversy was the location of a half-section line run-
ning east and west, which formed the north boundary line of the city,
and the controversy turned upon the location of the half-section corner
on the east side of the section, the testimony of the surveyor, who sur-
veyed and platted an addition to the city, and ran the half-section line
to which plaintiff claimed, that in surveying it he found a stake which
he assumed and believed to be the half-section corner, taken in connec-
tion with the testimony of five other witnesses, including three profes-
sional surveyors, that the corner from which the survey was made was a
" charcoal " or " government " corner, in the absence of any evidence
showing that a stake or corner had ever been seen at a different place in
that vicinity, is sufficient to establish it as a government corner; and a
finding that the line was twenty-four feet north of the line so surveyed,
based on a survey and measurement by courses and distances from the
southeast corner of another section, a distance of a mile and half south
of the stake in question, is unsupported by the evidence.

ID. — MONUMENTS CONTROL COURSES AND DISTANCES — EVIDENCE OF SUR-
VEY. — The monuments or marks placed upon the ground by the surveyor
in making a survey constitute the survey, and the courses and distances
are only evidence of the survey.   Although evidence based upon courses
and distances from other known points is admissible to fix a corner,
where no corner is found, it is not admissible to change the location of
an original corner of the survey when found.

ID. — LINE OF GOVERNMENT SURVEY — LOWER ORDER OF EVIDENCE — SUP-
PORT OF FINDING — IMMATERIAL CONFLICT. — Where the existence of
the monuments established by a government surveyor in making the
original survey are proved, evidence of a line of the survey based upon
courses and distances, being of a lower order than evidence thereof based
upon the monuments, raises no material conflict in support of a finding
as to the location of the line, unless it demonstrates to a reasonable
probability that the monuments as found upon the ground are not those
established by the original survey.

ID. — LOCATING LINE OF HALF-SECTION — STARTING-POINT — SURVEY BY
COURSES AND DISTANCES. — In locating the line of a government half-
section, a survey from a remote corner of another section by courses and
distances is more liable to error than a survey by courses and distances
from the nearest established corner of the same section.

ID. — DIRECTION OF HALF-SECTION LINE — MONUMENTS CONTROL. — When
the half-section corner on each side of a section are definitely located,
the half-section line must be drawn from one corner to the other, regard-
less of its variation from the due east and west course.

ID. — QUIETING TITLE — ADVERSE POSSESSION — CONSTRUCTIVE POSSESSION
OF CITY LOTS — FINDING AGAINST EVIDENCE. — In an action to quiet

title to city lots bordering on each side of a half-section line, where the defendant testified that all of the strip of land in controversy had been lying out open, unfenced, and uncultivated, and that he never claimed anything excepting what was actually embraced in the fractional part of the block claimed by him, and it did not appear that he had actual possession of the strip in controversy, his constructive possession extended only to the true line; and a finding that the defendant had been in the adverse possession up to the line fixed by the court is not sustained by the evidence.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion.

*Garber, Boalt & Bishop, Firman Church*, and *J. P. Meux*, for Appellant.

*George L. Hood*, and *W. S. Crawford*, for Respondent.

HAYNES, C. — This action is brought by plaintiff to quiet title to certain lots in the Central Addition to the city of Fresno. The defendant had judgment, and the plaintiff appeals from the judgment, and an order denying his motion for a new trial.

The half-section line running east and west through section 4 is the north boundary line of the city of Fresno. Plaintiff's lots lie on the north side of this line, and defendant's on the south side.

The point in controversy is the location of this half-section line, and, upon the trial, that point turned upon the location of the half-section corner on the east line of section 4.

Teilman surveyed and platted Central Addition, and ran the half-section line, and plaintiff claims to this line. The court found the line to be twenty-four feet north of the line so surveyed.

In making this survey, Teilman found a stake which he assumed and believed to be the half-section corner. Five other witnesses, at least three of them being professional surveyors, testified that the corner from which Teilman made his survey was a "charcoal" or "government" corner; and there was no evidence tending to

show that a stake or corner had ever been seen at a different place in that vicinity. This testimony was *prima facie* sufficient to establish it as a government corner, and to justify a finding to that effect.

The finding of the court was based on a survey and measurement from the southeast corner of section 9, a distance of a mile and a half south of the stake in question.

A ditch or canal had been dug on the south line of section 9, and for several miles east of that section. Defendant's witness, who dug this canal, testified that he took up the stakes and set them on the south side of the canal, but the distance they were removed is not definitely shown. But assuming that the southeast corner of section 9 was definitely established, a survey from that point could be used but for one purpose, viz., to show that the half-section corner in question was not in fact a government corner. It could not be used to show that the government surveyor made an error in placing it there.

In *Hall* v. *Tanner*, 4 Pa. St. 244, 45 Am. Dec. 687, it was said: "It has ever been held that the marks on the ground constitute the survey; that the courses and distances are only evidence of the survey." This court, in *Ferris* v. *Coover*, 10 Cal. 629, said: "Preference is given to monuments, because they are least liable to mistake"; and in the same case, quoting from *Fulwood* v. *Graham*, 1 Rich. 497, said "that in locating lands we are to resort,— 1. To natural boundaries; 2. To artificial marks; 3. To adjacent boundaries; 4. To courses and distances; but it has never been said that each of these occupied an inflexible position. It sometimes might occur that an inferior means of location might control a higher, *when it was plain there was a mistake.*"

Evidence based upon courses and distances from other known points is admissible to fix a corner, where no corner is found, but never to change the location of an original corner when found.

It seems to have been considered that because town-

ships are subdivided by commencing at the south and
east sides, that therefore points to the south are more
reliable than those on the north; but such is not the
case.   A survey by courses and distances from the
nearest established corner is least liable to error.   The
northeast corner of section 4 is upon the north line of
the township, and that corner is not disputed.   Several
measurements from that corner to the half-section cor-
ner in question made the distance 2,623 feet, whilst the
government field-notes call for 2,624.8 feet,—a differ-
ence of only 1.8 feet from the corner found by Teilman.

The conflict of testimony cannot be said to be mate-
rial.   The evidence of defendant, based on course and
distance, being of a lower order, because of its greater
uncertainty, cannot be said to raise a material conflict
with the higher order of proof, unless it demonstrates
to a reasonable probability that the corner as found now
upon the ground is not the corner established by the
government, and this it fails to do.

The line found by the court is erroneous in another
particular.   The half-section corner on the west line of
section 4 is not disputed, and that corner is shown to
be 2,619 feet south of the northwest corner of the sec-
tion.   Assuming that the north line of the township is
a due east and west line, as we must, in the absence of
evidence to the contrary, the half-section line found by
the court, starting from a point twenty-four feet north
of the stake in the east line, and running "due west,"
would intersect the west line of the section twenty feet
north of the half-section corner, whilst that line should
be drawn from one corner to the other, regardless of a
variation from the due east and west course.

If the sixth and seventh findings are to be under-
stood as finding that defendant had been for more than
five years in possession up to the line fixed by the court,
such finding cannot be sustained.

Defendant testified that "all this strip of land in con-
troversy has been lying out open, unfenced, and uncul-
tivated."  And again: "I never claimed anything except

what was actually embraced in fractional block 340; that is all I ever claimed, or claim now." It does not appear that either party had actual possession of the strip in controversy, whilst the constructive possession of each extended only to the true line.

I think the findings discussed herein are not justified by the evidence, and that the judgment and order appealed from should be reversed, and a new trial granted.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and a new trial granted.

GAROUTTE, J.. HARRISON, J., and PATERSON, J.