[Civ. No. 2325.    First Appellate District.—February 9, 1918.]

## JAMES L. HOWARD, Appellant, v. E. L. CUNNINGHAM et al., Respondents.

DEEDS — CONSTRUCTION OF DESCRIPTION — MONUMENTS CONTROLLING.— Monuments upon the ground control courses and distances as recited in a deed.

ID.—LOCATION OF LOST MONUMENT—PROOF BY PAROL.—Where a monument has been obliterated or destroyed, its location may be proved by parol.

BOUNDARIES—LOST STAKE—FINDING—APPEAL.—Where in an action arising out of a dispute over a boundary line, the location of a lost stake is determinative of the controversy, and the testimony as to the location of the stake is somewhat contradictory and unsatisfactory, a finding that the calls of the deeds locate such corner will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Mendocino County.    George A. Sturtevant, Judge Presiding.

The facts are stated in the opinion of the court.

Robert Duncan, for Appellant.

Thomas & Thomas, for Respondents.

BEASLY, J., *pro tem.*—This action arises out of a dispute over a boundary line.    The plaintiff, James L. Howard, is the owner of lot 15 and eight and one-half acres off the north end of lot 18 of the Yokayo Rancho, near Ukiah, in Mendocino County, and the defendant, Ruddick, is the owner of the remainder of lot 18, which he acquired from his codefendant, E. L. Cunningham.    Plaintiff's father formerly owned the two lots, and some years ago he conveyed to the plaintiff the land now owned by him as above stated, and the part now owned by Ruddick he conveyed to another son, by name Mack Howard, who in turn conveyed it to Cunningham.

The sole point in this case is whether the evidence supports the finding against plaintiff of the location of one of the corner posts common to the two properties.    The location of this post determines the boundary line between the prop-

erties of the plaintiff and of Ruddick. The stake has long since disappeared.

The calls of the deed by which plaintiff's father acquired the land now owned by plaintiff, and of the deed conveying it to the latter, both locate this corner—which is described as "P 8"—at the point which is found to have been its location by the trial court.

Oral evidence was introduced to discredit the calls of these deeds as to the location of this corner. All the other monuments fixing the boundaries of these properties are in existence, and their location unquestioned. The point of location of stake "P 8" was, it is conceded, in a line at the northerly end of which is a stake marked "P 9," and at the southerly end of which is a stake marked "P 6." This line forms the entire westerly boundary of Ruddick's land and a part of the westerly boundary of the land of plaintiff. By the calls of the respective deeds of plaintiff and Ruddick this line from end to end should be 44.49 chains long. It is in fact by actual surveyor's measurement on the ground .44 chains longer than this, or 44.93 chains in length; and the plaintiff claims that instead of the stake "P 8" being located, as found by the court, 2.19 chains south from the corner "P 9," it should have been found to be 2.95 chains south therefrom, or 44.98 chains northerly from the corner "P 6."

Mack Howard, upon whose testimony plaintiff mainly relies, testifies that he saw this stake set by the engineer who made the original survey; that it was set at the westerly end of an old fence and in line with two trees, which he stated are still standing, and that he saw this post there for many years thereafter; that this old fence was straightened subsequent to the survey, and thereafter was moved about thirty feet south of its original location. This fence still stands on the line to which it was removed. Other members of the Howard family also testified to the same facts except as to actually seeing the survey, Mack Howard being the only witness called who claimed to have been present at the placing of the stake "P 8."

The plaintiff contends that the evidence of these witnesses, coupled with certain inaccuracies in the calls of the deeds as to other distances and in the statement of acreage contained within their descriptions, concluded the trial court from find-

ing the location of the stake "P 8" at the point where the
decision of the court places it. With plaintiff's assertion
that monuments upon the ground control courses and dis-
tances as recited in a deed no fault can, of course, be found.
This is the unquestioned rule of construction of deeds (Code
Civ. Proc., sec. 2077, subd. 2).

Nor can any exception be taken to plaintiff's statement
that where the monument has been obliterated or destroyed
its location may be proved by parol. But with his conten-
tion that under the evidence in this case the trial court
could not find the location of the post "P 8" at the point
where the finding places it we cannot agree.

The calls of these two deeds were some evidence of the loca-
tion of the lost stake "P 8." Were there no other evidence
whatever no question could be made but that these calls
would be controlling in this case; and were the other evidence
conclusive against these calls we are not prepared nor called
upon in this case to say that plaintiff might not be correct in
his contention that the calls of the deeds must fall before it.
But here there are certain inherent disagreements and de-
fects in the testimony of plaintiff's witnesses which tend to
weaken the value for accuracy of the evidence of Mack
Howard in particular, and also of the other witnesses. For
instance, without analyzing this evidence minutely as counsel
have done, it may be said that Mack Howard was only ten or
eleven years old when the survey testified to was made, and
yet he testifies to the exact location of practically all the stakes
set by the engineer. He was fifty-nine years old when he
testified. The survey was made fifty-odd years ago. There
were certain inconsistencies in the testimony of the various
witnesses the significance of which it was the province of the
trial court to determine. The judge who tried the case saw
Mr. Mack Howard on the witness-stand, observed his manner
of testifying, and whether his memory was accurate as to
these events of long ago. Upon that judge rested the duty
of weighing this oral evidence as against the calls of these
deeds and as against the testimony of a surveyor, called by
the plaintiff himself, whose evidence in a measure tends to
corroborate the deeds.

We find nothing out of harmony with these views in the
cases cited and relied upon by the appellant. Thus, in *Gor-*

*don* v. *Booker,* 97 Cal. 586, [32 Pac. 593], a corner post, occupying about the same relative importance to the decision of that case as the post "P 8" does to this, was not undiscoverable. Its location was found by the charcoal placed under it by the government surveyor. This charcoal was actually found in place at the time of the trial, and three surveyors and two other witnesses testified that it was a "charcoal" or "government" corner, and that the charcoal determined the place where the stake had been set. It also appeared that no other corner or stake had ever been seen at a different place in that vicinity. The plaintiff there relied for the location of this corner upon a survey made by courses and distances from a distant corner which, if correct, would have located the corner in question at a different point from the place at which the charcoal was found. The court found against the plaintiff and held that there was no conflict in the evidence. In other words, it discarded the survey from the distant corner in favor of the present location of the charcoal, which indicated the place where the original post had been set by the government surveyor. Of course, this corner monument could not be brought into court, but the testimony of five witnesses uncontradicted that it was the point at which the court found its location to be was held to be conclusive in that case as against a survey made as above indicated. Some language in that case, considered without regard to its context, has misled counsel as to the rule which must be deduced from the decision read as a whole.

In *Penry* v. *Richards,* 52 Cal. 672, also relied upon by the plaintiff, it was held that if the evidence shows the point where the monuments had been established by the surveyor, such point must control in determining the location of the property. This is not in conflict with the position of the defendants here, for in the instant case the trial court evidently held that the oral evidence did not correctly point out the place where the stake "P 8" had been set by the surveyor. In the case just cited the court premises the rule announced upon the statement that the evidence must establish the monuments. This is true of all the cases cited by appellant. In each of them it is assumed that the evidence established the location of the disputed monument. In the present case, as we have seen, the trial court evidently held

that the oral evidence did not so establish the location of the disputed post "P 8." In other words, the trial court found as a fact that the calls of the deeds as to the length of the line between the posts "P 9" and "P 8" were correct, discrediting, as it had the power to do, the somewhat contradictory and unsatisfactory oral testimony of the plaintiff's witnesses as to the location of this post. The whole question is one of fact, and the trial court having determined it that ends the matter so far as an appellate court is concerned.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 10, 1918.