CHRISTIAN RICARD and WIFE v. WILLIAM W. SMITH, Admr. et al.

1. PROBATE COURT: PRACTICE: DEMURRER TO ANSWER.—A demurrer to an answer in the Court of Probates, is irregular in practice : objections to the sufficiency of the answer should be taken by exceptions filed thereto.
2. SAME: INTERLOCUTORY ORDER: APPEAL.—The decree of the Court of Probates, overruling exceptions to an answer, is interlocutory, and is not the subject of an appeal.
3. SAME: HOW APPEAL GRANTED FROM PROBATE COURT.—Appeals from the Court of Probates cannot be granted in open court : they can only be allowed on petition to the clerk.   See Rev. Code, 431, Art. 28.

APPEAL from the Court of Probates of Nashoba county.   Hon. Samuel McNeill, judge.

*D. Shelton* and *D. P. McAllum*, for appellants.

*Isaac Enloe*, for appellees.

HANDY, J., delivered the opinion of the court.

This case is brought here by appeal from the Court of Probates of Nashoba county.

A preliminary question in relation to the regularity of the appeal is raised.

It appears by the record, that the proceeding in the court below was by the petition of a distributee of an intestate's estate, seeking to have certain assets inventoried as a part of the estate.   The administrators, who were respondents to the petition, filed their original answer under oath ; and, after the lapse of several terms of the court, they applied for leave to file an amended answer, not under oath, differing in a material respect from the original answer.   The

amended answer having been allowed to be filed, against the objection of the petitioners, the petitioners filed a demurrer thereto, which was overruled on argument, and thereupon the court dismissed the petition. The record does not show in the body of it, that any appeal was prayed or granted from the decision of the court, either in overruling the demurrer or in dismissing the bill; and the only matter in the record showing that an appeal was taken, is the statement in the appeal-bond, that the petitioners, "feeling themselves aggrieved by the order of the Probate Court overruling their demurrer to the amended answer of the respondents, have therefore, in open court, prayed an appeal," &c., to this court.

The appeal thus taken is irregular in two respects.

1. It appears to be merely an appeal from the interlocutory order of the court disallowing the demurrer to the amended answer. The demurrer to the answer being irregular in practice, the action of the court upon it cannot amount to more than treating it as an exception to the answer, and holding the answer to be sufficient as upon exception to it, or upon motion to have it taken from the files. So regarded, the decision of the court upon the demurrer was in effect, that the objections to the answer were not tenable, and that the answer was sufficient, if true. And this was merely interlocutory, leaving the merits of the cause, as it was presented by the petition and answer, to be subsequently disposed of. The order of the court upon the demurrer, and which is the only matter appearing by the record to be appealed from, is therefore merely interlocutory, and not the subject of an appeal under our statutes.

2. The subject-matter of appeals from the Court of Probates depends entirely upon statute regulations. The statute provides for them, and prescribes the mode in which they shall be taken, which, in cases of this sort, must be taken "on petition to the clerk of the Probate Court." Rev. Code, 431, Art. 28. It does not recognize an appeal granted in open court; and, under the rule sanctioned by this court, no other mode of bringing a case here by appeal can be allowed than that prescribed by the statute. *The State* v. *Tuomey*, 5 How. 50; *Laftin* v. *The State*, 11 S. & M. 358.

The appeal is, therefore, irregular, and must be dismissed.