## JOHN BRICKNER v. WILLIAM SPORLEDER.

1. APPEAL—*Undertaking.*   Section 5255, Statutes of 1890, providing that an appeal from a justice's court is not effectual for any purpose unless an undertaking be filed with two or more sureties in the sum of one hundred dollars, etc., is essential and mandatory as a condition precedent and cannot be enlarged or expanded to mean a single surety.

2. SAME—*Exceptions to Sureties.*   When the adverse party excepts to the sufficiency of the sureties as provided in § 5255, Statutes of 1890, the failure of the party desiring to appeal to produce the same or other sureties to qualify as provided in said section renders the appeal as though no undertaking had been given.

3. SAME—*District and Supreme Courts.*   Appeals from the final judgments of probate courts under § 1642 Statutes of 1890, ratified by act of congress, shall be taken to the supreme court in the same manner as from the district court and with like effect when only questions of law are involved in the appeal, and to the district court of the county when questions of fact are to be tried in the appellate court, the appeal to be taken in the manner and form as appeals are taken from judgments of justices of the peace.

*Error from the District Court of Logan County.*

Action brought in the probate court of Logan county on the 2d day of January, 1893, by defendant in error against plaintiff in error to recover the sum of $300.15. On the 16th day of February, 1893, the case was tried by a jury and a verdict rendered in favor of the plaintiff for the sum of $267.89.   Defendant brings error. The facts are stated in the opinion.   Affirmed.

*S. D. Decker*, for plaintiff in error.

*Keaton & Cotteral*, for defendant in error.

The opinion of the court was delivered by

SCOTT, J.:   Judgment was rendered in the probate court for defendant in error, plaintiff in the court below, on the 16th day of February. 1893, for the sum of $267.89.   On the 1st day of March, 1893, the plaintiff in error gave notice of appeal to the district court, and on the 17th day of February, 1893, entered into an appeal bond as required by § 5255, Oklahoma Statutes, 1890, with the exception that but one surety was on the bond.   To this bond the defendant in error, on the 21st day of February, filed his written exceptions, The defendant in error filed in said court his motion to dismiss the appeal for the following reasons:

"1. Because no appeal bond with two or more sureties as by law required, was ever filed in said cause. The pretended appeal bond filed in said cause has but one surety thereto, and is wholly insufficient in law.

"2. Because the plaintiff duly filed his exceptions to the sufficiency of the sureties on the appeal bond filed in said cause within five days after the same was filed, and the defendant did not produce the sureties to justify upon said bond upon notice given to the plaintiff."

Thereafter the said motion was by leave of the court amended, as follows :

"3. Because there is no appeal to this court from the judgment of the probate court rendered in said court and the court has no jurisdiction to entertain said appeal."

On April 13, 1893, the plaintiff in error, Brickner, filed in the district court, his motion and application to perfect his appeal by giving a good and sufficient appeal bond, setting up as his grounds therefor, that when his appeal bond was given he had two sureties, Wm. H. Coyle and Geo. W. Taylor, to go on his bond, but that the probate judge failed to take the second surety for the reason that he held the bond to be good

with one surety and approved it, which motion was supported by affidavit of Geo. W. Taylor, and a new appeal bond with W. H. Coyle and Geo. W. Taylor as sureties attached thereto. On the 13th day of June, 1893, the motion of plaintiff to dismiss the appeal was sustained and the appeal dismissed and exception taken and allowed, time being given to make a case for this court.

The decisive question in this case is whether the undertaking on appeal, executed by a single surety, is sufficient, when the terms of the statute providing for appeals in such cases requires two or more sureties. The question is one of construction.

The relevant portions of the Oklahoma Statutes on the subject of appeals of this character, are in terms as follows:

"An appeal from a justice's court is not effectual for any purpose, unless an undertaking be filed, with two or more sureties, in the sum of one hundred dollars for the payment of the costs on the appeal; or if a stay of proceedings be claimed, in a sum equal to twice the amount of the judgment, etc. * * * The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking and unless they or other sureties justify before the justice before whom the appeal is taken, within five days thereafter, upon notice to the adverse party, to the amount stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." (Oklahoma Statutes, 1890, § 5255.)

The above provisions are made applicable to proceedings for the removal of causes from probate courts to district courts by appeal from final judgment of said probate courts. (Statutes of Oklahoma, 1890, § 1642.) It is also by virtue of the section of the statute last cited, that the district courts are vested with appellate jurisdiction to review the judgments of probate courts of this territory when exercising a juris-

diction other than testamentary, and as·extended by ch. 19 of the Oklahoma Statutes, 1890, and subsequently ratified by act of congress.

This statute vests in the district courts the appellate power to review the judgments of the probate courts of the territory in these cases, and provides the mode of reviewing such judgment.

The general rule is that where a valid statute provides the mode of reviewing a judgment, that mode must be pursued. (*Anderson v. People*, 28 Ill. App. 317; *Lang Syne Gold Mining Co. v. Ross*, 20 Nev. 127.)

It is a well recognized canon of constrnction in these cases, that where a statutory remedy or proceeding is specially provided, it·cannot be enlarged by construction, nor made available or valid except on the statutory conditions, that is, by strictly following the directions of the act. (Sutherland Stat. Construction § 392, and cases cited.) This rule is applied to the mode of taking a case to an appellate court, when prescribed by statute. (Sutherland Stat. Construction, § 394; *Recaid v. Smith*, 37 Miss. 644; *Humphrey v. Chamberlain*, 11 N. Y. 274.)

Applying this doctrine of the strict construction to the case before us, it appears that the requirement of two or more sureties is essential and mandatory as a condition precedent, and cannot be enlarged or expanded to mean a single surety. Indeed, the language of the statute itself, which is the first principle of interpretation, is clear and unambiguous. It provides: "An appeal * * * is not effectual for any purpose, unless an undertaking be filed with two or more sureties." That is to say, not effectual for any purpose, including either stay of proceedings after judgment in. the lower court, or for the purpose of founding the jurisdiction of the appellate tribunal.

It is true that it devolves upon the appellate tribunal to decide its own jurisdiction. (*Hungerford v.*

*Cushing*, 8 Wis. 324.) But in so deciding it must be governed by organic law, valid acts of the legislature and the accepted rules of construction. In view of the plain enactments of the legislature upon this subject, in terms that are clear and unambiguous, we are not warranted in saying that an undertaking on appeal executed by one surety, shall be effectual for the purpose of founding the appellate jurisdiction of the district court, when the legislature has said that such an appeal is not effectual for any purpose unless an undertaking be filed with two or more sureties; and the mode of taking the appeal is recognized and applied by the same section that creates and vests the appellate jurisdiction of the district courts. Section 1639 relates in terms to pleadings, practice and proceedings in said (probate) court, not in the appellate court, and the words "after judgment," in that connection, could not naturally be construed to mean a grant of appellate power and procedure in an appellate court which is not even mentioned.

In the cases of *Judson v. Beeler*, 50 N. W. 482, and *Towle v. Bradley*, id. 1057, relied on by appellant, do not present the point under consideration here. In both of those cases there were two sureties who executed the undertaking. In the first case the question arose upon what constituted a sufficient justification under the statute. In the second case, one of the two sureties was held disqualified and incompetent, and the undertaking which had not been duly excepted to, was, it appears, under the circumstances of that case, treated as a voidable obligation, rather than void. But in this case there is, upon the face of the proceedings, a patent failure to comply with the requirements of the statute, and but one surety executes the undertaking when the law requires two or more as a condition precedent to the appeal being effectual for any purpose.

It cannot avail appellant that he was innocently mislead by the alleged statement of the probate judge, that it was unnecessary for more than one surety to sign the bond, as it is good without it, for the trial court cannot decide upon the jurisdiction of the appellate court. (*Hungerford v. Cushing*, 8 Wis. 324.) The appellant is presumed to know the law, and *ignorantia legis excusat neminem.*

It also appears that the defendant in error filed exceptions to the sufficiency of the sureties under § 5255, Statutes of 1890, and the plaintiff in error failed to appear with his sureties for the purpose of justifying as provided in the same section. A failure to do this rendered the appeal as though no such undertaking had been given.

While the jurisdictional question raised as to the right of appeal from the probate court to the supreme and district courts is not necessary to a determination of this particular case, yet it is a question that should be settled by this court at the first opportunity, and the proposition being squarely in this case, we will, so far as this case is concerned, definitely settle it.

It appears, as above indicated, that by § 1642, Oklahoma Statutes, 1890, the district courts of this territory are granted appellate jurisdiction over the probate courts. The language of this act is as follows:

"Appeals from the final judgment of said probate courts shall be allowed and taken to the supreme court of this territory in the same manner as (from) the district court and with like effect when only questions of law are involved in the appeal. If questions of fact are to be re-tried in the appellate court the appeals shall be taken to the district court of the county in manner and form as appeals are taken from judgments of justices of the peace."

A slight transposition of this phraseology will, it seems, make the intent more clear, if necessary, thus: When only questions of law are involved appeals from

the final judgment of said probate courts shall be allowed and taken to the supreme court of this territory, etc. If questions of fact are to be tried in the appellate court, the appeals shall be taken to the district court of the territory in the manner and form as appeals are taken from judgments of justices of the peace.

This section classifies appeals with reference to questions of law and questions of fact, and confers appellate jurisdiction in the first description of cases upon the supreme court, and in the second upon the district court of the county. In each class of cases the mode of procedure is provided by reference. If the question involved is one of law, the jurisdiction is conferred on the supreme court to determine the appeal, which is taken "in the same manner as (from) the district court and with like effect." If the cause involves questions of fact sought to be re-tried, the appellate jurisdiction in the premises is conferred on the district court of the county "in the manner and form as appeals are taken from the judgments of justices of the peace." The jurisdiction is granted in each case to a designated court and the mode of exercising that jurisdiction is prescribed. Applying this obvious construction to the case as presented, it appearing from the record that the appeal from the probate court of Logan county to the district court of that county involved in this case only questions of law, it follows that the district court was without appellate jurisdiction in the premises, and the judgment of dismissal of the appeal by that court was properly entered.

Even if the provisions on this subject were deemed dubious or uncertain, it is presumed that there was no intention on the part of the legislature to depart from any established policy of the law, nor to oust the jurisdiction of the supreme court.

Judgment of the lower court, will be affirmed.

Bierer, J., having been counsel in the case, not sitting; all the other Justices concurring.