### PAXTON *v.* LIVELY.

85 Pac. 501.

SURETY ON APPEAL—OFFICER OF COURT—UNITED STATES COMMISSIONER.

A United States commissioner is an office* of a court, under the laws of the United States, and therefore disqualified to become a surety on an appeal bond, under B. & C. Comp. §§ 1507 and 549, subd. 3.

Appeal from Wallowa County.

Statement by MR. JUSTICE HAILEY.

O. F. Paxton recovered judgment against L. D. Lively, who appealed to this court and filed his transcript on appeal herein, whereupon plaintiff filed a motion to dismiss the appeal for the reason that the defendant had failed to file a proper undertaking on appeal, in that the surety thereon was not qualified as by law required. The record discloses that the plaintiff excepted in the lower court to the sufficiency of the surety on the undertaking and required him to justify before the county clerk, where he testified that he then was, and for several months had been, a United States commissioner appointed by the United States District Court for the District of Oregon, and made no other showings as to his qualifications as surety. DISMISSED.

*Mr. D. W. Bailey* and *Mr. D. W. Sheahan* for the motion.

*Mr. J. A. Burleigh, contra.*

MR. JUSTICE HAILEY delivered the opinion of the court.

The sole question raised by this motion is whether or not a United States commissioner is qualified to act as surety on an undertaking on appeal under our law. Subdivision 3 of 549, B. & C. Comp., provides:

"The qualifications of sureties in the undertaking on appeal shall be the same as in bail on arrest, and, if excepted to, they shall justify in like manner."

Section 1507, B. & C. Comp., defining the qualifications of bail on arrest, provides:

"No counselor or attorney, sheriff, clerk of any court, or other officer of any court, is qualified to be bail."

In *Todd* v. *United States,* 158 U. S. 278-282 (15 Sup. Ct. 889, 39 L. Ed. 982), Mr. Justice BREWER, in speaking of a commissioner of the United States Circuit Court, said: "He is

simply an officer of the circuit court, appointed and removable by that court." Congress in 1896 abolished all commissioners of circuit courts and provided that the United States District Courts for each judicial district should appoint United States commissioners, who "shall have the same powers and perform the same duties as are now imposed upon commissioners of the circuit courts": Act May 28, 1896, c. 252, § 19, 99 Stat. U. S. 184 (U. S. Comp. Stat. 1901, p. 499, 4 Fed. Stat. Ann. 61, 79). The surety in the undertaking on appeal herein, being a United States commissioner, was an officer of a court, and therefore not qualified as surety.

The motion will be allowed, and the appeal dismissed.

DISMISSED.