(May 3, 1924.)

## J. W. FARNWORTH, Respondent, v. SAMUEL VIET, Appellant.

[225 Pac. 1023.]

APPEAL — MOTION TO DISMISS — VOID UNDERTAKING — INCOMPETENT SURETY.

  1. A married woman is incompetent to sign an appeal bond for another.

  2. Whether a married woman would be competent to sign an appeal bond on appeal from a judgment against her husband for which the community property would be liable, *quaere.*

  3. Where one of the two sureties on an appeal bond is incompetent the bond is void and the appeal should be dismissed.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Action for debt. Judgment for plaintiff. Appeal *dismissed.*

Henry M. Hall, for Appellant, files no brief.

W. A. Brodhead, for Respondent.

Josephine Tauber, being a married woman, was not competent to become surety on the appeal bond in this case. (*Meier & Frank Co. v. Bruce,* 30 Ida. 732, 168 Pac. 5; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497.)

Sureties on appeal bonds must be competent to enter into such an obligation. (*Paxton v. Lively,* 48 Or. 135, 85 Pac. 501; *Black v. Black,* 53 Fed. 985; *State v. St. Paul,* 111 La. 71, 35 So. 389.)

Statutory requirements must be strictly complied with or the bond on the undertaking will be insufficient and the appeal will be dismissed on motion. (*Harris v. Millege,* 151 Ind. 70, 51 N. E. 102.)

"An appeal bond with only one surety is not valid as a statutory bond." (*Harris v. Regester,* 70 Md. 109, 16 Atl.

386; *Appeal of Bartlett,* 82 Me. 210, 19 Atl. 170; *Henderson v. Benson,* 141 Mass. 218, 5 N. E. 314; *Brickner v. Sporleder,* 3 Okl. 561, 41 Pac. 726; *Wenatchee Orchard & Irr. Co. v. Thompson,* 60 Wash. 643, 111 Pac. 874; *Smith v. Beard,* 21 Wash. 204, 57 Pac. 796.)

McCARTHY, C. J.—Respondent moves to dismiss the appeal upon the ground among others that no undertaking on appeal has been given as required by C. S., secs. 7153 and 7154. The point is that one of the two sureties was a married woman and not competent to sign the bond.

The action was brought against appellant and one Tauber to recover the purchase price of certain hogs. Judgment went against both. Viet appealed; Tauber did not. Josephine Tauber, one of the two sureties, is the wife of the co-defendant. Whether she would have been a competent surety on her husband's bond on appeal on the theory that the community property was liable for the debt, may be open to some question, but it is certain that she was not competent to act as surety on Viet's appeal bond. (*Bank of Commerce v. Baldwin,* 14 Ida. 75, 93 Pac. 504, 17 L. R. A., N. S., 767; *Meier & Frank Co. v. Bruce,* 30 Ida. 732, 168 Pac. 5; *Overland Nat. Bank v. Halveston,* 33 Ida. 489, 196 Pac. 217.)

The fact that the surety on an appeal bond is incompetent is ground for dismissing an appeal. (*Paxton v. Liveley,* 48 Or. 135, 85 Pac. 501.) If the statute requires two sureties an appeal will be dismissed where there is only one. (*Brinckner v. Sporleider,* 3 Okl. 561, 41 Pac. 726.) In such case the bond is void and not merely defective.

The motion to dismiss the appeal is granted, with costs to respondent.

Budge, William A. Lee and Wm. E. Lee, JJ., concur.