[Civ. No. 5397. Second Appellate District, Division Two.—November 5, 1926.]

## J. S. LUSTIG, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] APPEALS — NEW UNDERTAKING — STATUTORY CONSTRUCTION. — Section 954 of the Code of Civil Procedure, which authorizes the giving of a new undertaking on appeal in certain cases, relates entirely to appeals from the superior court.

[2] ID.—JUSTICE'S COURT—MANDATORY UNDERTAKING REQUIREMENT—DISMISSAL OF APPEAL.—The requirement of section 978 of the Code of Civil Procedure that an appeal from a justice's or police court is not effectual for any purpose, "unless an undertaking be filed with two or more sureties," etc., is essential and mandatory as a condition precedent, and cannot be enlarged or expanded to mean a single surety; and where the appellant files an undertaking with one surety only, the appeal is properly dismissed on motion of respondent, notwithstanding the appellant, in response to such motion, produces an additional surety who is ready, able, and willing to qualify and asks permission to forthwith amend the undertaking complained of by furnishing the requisite number of sureties, or to execute and file a new undertaking.

(1) 35 C. J., p. 770, n. 33.    (2) 35 C. J., p. 759, n. 70, p. 764, n. 53, p. 770, n. 33.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County, and Frank C. Collier, Judge thereof, to vacate an order dismissing a Justice's Court appeal. Writ denied.

The facts are stated in the opinion of the court.

A. P. Michael Narlian, Joseph W. Beardslee and H. K. Lockwood for Petitioner.

Irvin C. Taplin and Clifford Crail for Respondents.

CRAIG, J.—The plaintiff in this proceeding appealed to the Superior Court of Los Angeles County from a judgment rendered against him in the justice's court of Los Angeles

2.  See 15 Cal. Jur. 524.

township on July 21, 1925. Said appeal was perfected in the usual form, except that the undertaking therein was executed by the appellant and by one surety only. The case was called for trial *de novo* in the Superior Court on May 19, 1926, whereupon motion was made to dismiss the appeal upon the ground that it had not been perfected, in that the undertaking did not conform to section 978 of the Code of Civil Procedure. The plaintiff herein, appellant below, produced an additional surety who, it is alleged, was ready, able, and willing to qualify, and asked permission to forthwith amend the undertaking complained of by furnishing the requisite number of sureties, or to execute and file a new undertaking. The matters were submitted, and after consideration the motion last mentioned was denied, and the appeal was dismissed. This is a proceeding in *mandamus,* praying that said Superior Court be directed to vacate its order of dismissal, and to restore the cause to the calendar for trial.

[1] The plaintiff in this proceeding contends that the undertaking in controversy was merely defective, but not void, and that under such circumstances section 954 of the Code of Civil Procedure expressly afforded him the right to correct his error by furnishing sufficient sureties. Authorities construing section 954 are cited, which so hold. Said section, however, relates entirely to appeals from the superior court, and the cited cases so indicate. [2] This appeal was attempted to be taken pursuant to section 978 of the Code of Civil Procedure, enacted in 1915, which provides, in part, that:

"An appeal from a justice's or police court *is not effectual for any purpose,* unless an undertaking be filed with *two or more* sureties in the sum of one hundred dollars for the payment of the costs on the appeal, or, if a stay of proceedings be claimed, in the sum of one hundred dollars plus a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money; . . . "

The question here presented has not heretofore been decided in this state, to our knowledge, but in jurisdictions having statutes embodying the exact language above quoted it has repeatedly been held that they are mandatory and cannot be enlarged by construction.

In *Brickner* v. *Sporleder,* 3 Okl. 561 [41 Pac. 726], the same contention advanced in the instant case was under consideration, and it was said by the supreme court of Oklahoma: "It is a well-recognized canon of construction in these cases that, where a statutory remedy or proceeding is specially provided, it cannot be enlarged by construction, nor made available or valid except on the statutory conditions; that is, by strictly following the directions of the act. Suth. St. Const., sec. 392, and cases cited. This rule is applied to the mode of taking a case to an appellate court, when prescribed by statute. Id., sec. 394; *Ricard* v. *Smith,* 37 Miss. 644; *Humphrey* v. *Chamberlain,* 11 N. Y. 274. Applying this doctrine of the strict construction to the case before us, it appears that the requirement of two or more sureties is essential and mandatory as a condition precedent, and cannot be enlarged or expanded to mean a single surety. Indeed, the language of the statute itself, which is the first principle of interpretation, is clear and unambiguous."

The same question arose under a South Dakota statute in *Smith* v. *Gale,* 13 S. D. 162 [82 N. W. 385], wherein the following language was used: "We are of opinion that the undertaking cannot be regarded as a statutory undertaking, for the reason that it is executed by only one surety. Section 6133, Comp. Laws, provides that 'the appeal from the justice's court is not effectual for any purpose unless an undertaking be filed, with two or more sureties, in the sum of,' etc. To constitute a valid statutory undertaking, therefore, there must be at least two sureties."

In *Johnson* v. *Superior Court,* 28 Cal. App. 618 [153 Pac. 404], the district court of appeal of this state, for the third district, construed section 981 of the Code of Civil Procedure, which requires that a party appealing from a justice's court must pay to the justice of the peace all fees necessary to such appeal, including the amount required for placing the cause upon the calendar in the superior court, which there amounted to nine dollars. The appellant in that case paid seven dollars for appealing, but failed to pay the calendar fee for the appellate court. It might well have been argued that there was ample time after the transfer of the record to have paid the two dollars calendar fee to the clerk of the superior court, and that such a mere oversight could not prejudice the rights of any of the parties. It

was held, however, that the Superior Court did not acquire jurisdiction of the case because of such deficiency, the court saying:

"Section 981 is in language so plain and unambiguous that its meaning cannot be mistaken or misapprehended. And the language seems to be mandatory. Indeed, we can think of no reason for holding it to be otherwise. . . . We cannot perceive how language could be plainer or its meaning more manifest. Nor is it possible to conceive of language more peremptory or mandatory. When it is declared that an act authorized by law shall not be effectual for *any* purpose unless accompanied or preceded by certain prescribed formalities, it is obviously meant that such act, in the absence of observance of the formalities so required, is absolutely nugatory or of no force or effect for any purpose. Indeed, it is not the act at all contemplated or prescribed and required by the law."

The writ of mandate herein prayed is therefore denied.

Works, P. J., and Thompson, J., concurred.