CHARLES H. STRICKFADDEN and AUBRA STRICK-
FADDEN, Respondents, v. GREENCREEK HIGH-
WAY DISTRICT, Defendant, and FIDELITY &
DEPOSIT COMPANY OF MARYLAND, a Corpora-
tion, Appellant.

[260 Pac. 431.]

APPEAL AND ERROR—EXCEPTIONS TO APPEAL BOND—VOID BOND—RULE
IN RE FILING MOTIONS— INAPPLICABLE WHEN — PROOF OF AU-
THORITY—BURDEN OF SHOWING.

1.  C. S., sec. 7154, requiring exceptions to appeal bond to be
taken within 20 days of filing, applies only to insufficient or
defective bonds, and is not applicable to case of void bond,
under section 5108.

2.  Supreme court rule 48, requiring motions to be filed at
least one day before argument, *held* not applicable on motion to
dismiss appeal on ground appeal bond was void, under C. S.,
sec. 5108, in that such rule does not apply to jurisdictional
matters.

3.  When objection is made on ground that an appeal bond
was not filed by resident agent as required, duty devolves on ap-
pellant to show proof of authority.

4.  Clerk of district court has authority to certify records in
his office.

ON PETITION FOR REHEARING.

5.  Appellant, on objection to its appeal bond as not signed
by a resident agent, as was necessary, does not make the neces-
sary showing of authority, by certificate of the state director
of insurance authorizing the agent to solicit and procure in-
surance and transact business for appellant company; soliciting
and procuring business, or even transacting business, not being
same as binding the company as surety.

Publisher's Note.

See Appeal and Error, 3 C. J., sec. 1237, p. 1168, n. 31, p. 1169,
n. 36; sec. 1276, p. 1197, n. 27.   4 C. J., sec. 2412, p. 597, n. 79.

Clerks of Courts, 11 C. J., sec. 72, p. 887, n. 21, 23.

APPEAL from the District Court of the Tenth Judicial District, for Idaho County.   Hon. Miles S. Johnson, Judge.

Motion to dismiss appeal.   *Dismissed.*

J. F. Ailshie and A. S. Hardy, for Respondents.

C. S., secs. 7153 and 7154, provide for the giving of an undertaking upon appeal.   The appeal is not taken unless an undertaking is filed as required by these sections, and the same must be filed within five days after taking the appeal or the appeal is ineffectual.   (*Hattabaugh v. Vollmer*, 5 Ida. 23, 46 Pac. 831; *Woodmansee & Webster Co. v. Woodmansee*, 31 Ida. 747, 176 Pac. 148; *Kingsbury v. Lee*, 36 Ida. 447, 211 Pac. 552; *Myers v. Harvey*, 39 Ida. 724, 229 Pac. 1112.)

C. S., secs. 4926, 5008, 5009, 5103, provide for regulation and licensing of companies and their agents authorized to write such insurance and bonds as were issued in this case.

It is only such companies as have complied with the law, and only such agents as are licensed to write insurance, that can execute valid bonds.   The execution of the bonds by a nonresident agent in connection with an agent not authorized to execute the bond in the manner and form provided, is not an execution of the bond at all.   (*Gonzaga University v. Masini, ante,* p. 113, 255 Pac. 413.

Respondents upon an appeal are entitled to have such a bond executed as is required by law and in the manner required by law, and if not so executed the bond is ineffectual and so far as it affects the perfection of an appeal is void.

F. E. Fogg and Williams & Cornelius, for Appellant.

By rule 48 of this court it is provided that objections to a bond or undertaking on appeal, or to the notice of appeal, "must be taken at the first term after the transcript is filed, and must be noted in writing and filed at least one day before the argument, or they will not be regarded."

Exceptions to an undertaking on appeal, under sec. 7154, may be taken where such undertaking is "insufficient or

defective'' in any respect, but the exceptions must be filed and served within twenty days, otherwise they are waived. (*Meservey v. Idaho Irr. Co.*, 35 Ida. 257, 205 Pac. 559; *Cupples v. Stanfield*, 35 Ida. 466, 207 Pac. 326.)

Under C. S., sec. 5009, it is not required that the "resident agent," who signs the bond shall be an attorney in. fact of the surety, nor that there shall be a power of attorney on file. However, under the supplemental record both Eimers and Graham were attorneys in fact. By sec. 5008, the only requirement is that the surety company shall be authorized to transact business in the state; and the insurance "must be written through *licensed agents* residing within the state." (C. S., secs. 5105, 5107, 5109, 5113.)

A surety company's right to do business is a franchise. (26 C. J., sec. 11, p. 1015.) Only a state can forfeit this franchise for failure to pay a judgment. (26 C. J., sec. 120, p. 1045.)

The clerk only has authority to certify records in his office. His certificate as to the matters dealt with is of no more importance than any other individual. (11 C. J., sec. 72, p. 887.)

The contention that the bonds, even had they never been signed by Eimers and Graham, were void is clearly untenable. The necessity for them to sign was simply a requirement of the Idaho statute regulating foreign surety corporations. It has nothing to do with the validity of the obligation, but only with a compliance of the statute. As between respondents and the surety, it is a binding obligation. (32 C. J., sec. 31, p. 998, sec. 37, p. 1000, sec. 199, p. 1108; *Vermont Loan & Trust Co. v. Hoffman*, 5 Ida. 376, 95 Am. St. 186, 49 Pac. 314, 37 L. R. A. 509; *Caledion Fire Ins. Co. v. Shepherd*, 111 Miss. 175, 71 So. 314; *Phoenix Ins. Co. v. Seegers*, 192 Ala. 103, 68 So. 902.)

F. E. Fogg and H. Taylor, for Defendant Highway District.

GIVENS, J.—Respondent moved to dismiss the appeal on the ground that the appeal bond was not signed by a resident agent and that the surety company, under C. S., sec. 5108, was disqualified as such because it had failed to pay a judgment.

[1] Appellant contends that the exceptions, not having been taken within twenty days of the filing of the first bonds, came too late. (C. S., sec. 7544.) Such section applies only to insufficient or defective bonds, a distinction having been made by this court between such and void bonds. (*Spokane C. L. Co. v. Crane Creek S. Co.,* 36 Ida. 786, 213 Pac. 699; *Farnworth v. Viet,* 39 Ida. 40, 225 Pac. 1023.)

[2] Appellant also contends that the motion may not, under rule 48, be considered because not filed at least one day before the argument. This rule, by the exception therein contained, does not apply to jurisdictional matters (*Brockman v. Hall,* 37 Ida. 564, 218 Pac. 188), and the point that a bond is void is jurisdictional. (C. S., sec. 7153.)

[3, 4] A bond must be signed by a resident agent and, when objection is made on the ground that it is not so signed, the duty devolves upon appellant to show proof of authority. (*Gonzaga University v. Masini, ante,* p. 113, 255 Pac. 413.) The only authority appellant has shown that a resident agent signed is a copy of a purported authority of the agent to sign as a resident agent for appellant, which the certifying officer, Henry Telcher, clerk of the district court in which the action was tried, states was by such purported agent exhibited to him, but not that the same was on file in his office. We are impressed with appellant's statement on page 14 of their memorandum on respondents' motion to dismiss, that a clerk only has authority to certify records in his office. (11 C. J., p. 887.) The authority of the agent to sign having been questioned, the burden was on appellant to justify. (*Gonzaga University v. Masini, supra.*) Not having met such burden, the record does not

show a valid bond. The appeal must, therefore, be dismissed, and costs awarded to respondent. This conclusion renders it unnecessary to consider and pass upon the other point urged by respondent.

Taylor and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., dissents.

(November 3, 1927.)

ON PETITION FOR REHEARING.

[5]   GIVENS, J.—Counsel for appellant, in his petition for rehearing, calls attention to three certificates under the hand and seal of the state director of insurance authorizing J. G. Eimers and J. E. Graham, of Grangeville, Idaho, to solicit and procure insurance and transact business for appellant company, contending that such certificates show the authority of such named parties to sign bonds for the appellant. Such certificates, however, are not sufficient to show these agents had the authority to bind the company. Soliciting and procuring business, or even transacting business, is not the same as having authority to bind the company as surety. Appellant, therefore, failed to show that the bonds in question were signed by agents, having power to sign and bind the company.

Rehearing denied.