298 P.2d 742

Rex T. COFFIN, Plaintiff-Respondent,

v.

John U. COX, Defendant-Appellant.

No. 8298.

Supreme Court of Idaho.

June 22, 1956.

Rehearing Denied July 9, 1956.

112

Gee & Hargraves, Pocatello, for respondent.

McDevitt & McDevitt, Pocatello, for appellant.

ANDERSON, Justice.

This action grows out of transactions between plaintiff Rex T. Coffin, owner of a lumber yard in Arimo, Idaho, and defendant John U. Cox, manager of the yard. The plaintiff recovered judgment, from which defendant brings this appeal.

Defendant filed a notice of appeal and an undertaking February 14, 1955. The appeal bond was executed by Melvin J. Armstrong and Minnie M. Harris, a married woman living with her husband, Frank Harris. In the undertaking, Mrs. Harris swore that she was a freeholder within the State of Idaho, and was worth the sum specified ($300). No other appeal bond was filed at this time, nor within five days of the notice of appeal.

March 26, 1955, the appellant filed a supersedeas bond in compliance with our statute. The same day, the parties through their attorneys entered into a stipulation whereby the appellant agreed to pay from this amount, if it should be sufficient, all damages awarded against defendant and appellant on appeal, or on a dismissal or affirmance of the appeal.

Respondent moved for dismissal of the appeal April 4, 1955, on the ground no undertaking on appeal had been given as required by I.C. § 13–203. On April 6, 1955, Frank Harris and M. J. Armstrong signed a new undertaking on appeal.

The first question here presented is whether an appeal bond signed by a married woman, living with her husband, is merely defective, or completely void.

Idaho Code, § 13–202 provides in part:

"* * * The appeal is ineffectual for any purpose unless prior to or at the time of filing the notice of appeal or within five (5) days thereafter, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

There was no such cash deposit within five days, and no waiver, in this case.

Section 13–203 provides:

"The undertaking on appeal must be in writing, and must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof, not exceeding $300 * * *. If any undertaking be insufficient or defective in any respect, such insufficiency or defect shall be deemed waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve upon the appellant or his attorney a notice, in writing, pointing out specifically the defects and insufficiencies of such

undertaking. No defect or insufficiency not thus specifically pointed out shall subsequently be urged against the undertaking or the appeal. The appellant may, within five days after such service of said notice, file a new undertaking which shall be in lieu of the one previously filed."

Idaho has no statute specifically governing the capacity of a married woman as a surety on an appeal bond or other instrument. Under I.C. § 32–904,

"During the continuance of the marriage, the wife has the management, control and absolute power of disposition of her separate property, and may bargain, sell and convey her real and personal property, and may enter into any contract with reference to the same, in the same manner, and to the same extent, and with like effect, as a married man may in relation to his real and personal property * * *."

However, this court, in the cases of Farnworth v. Viet, 39 Idaho 40, 225 P. 1023; Beckstead v. Gee, 58 Idaho 758, 79 P.2d 293, and Craig v. Lane, 60 Idaho 178, 89 P.2d 1008, held that a married woman may not be a surety on an appeal bond, notwithstanding the provisions of this statute. Under these decisions, an appeal bond signed by her has been held not merely defective, but void.

We are of the opinion that this rule should no longer prevail in this jurisdiction, and that such a bond is merely defective, which defect was waived by respondent's not objecting thereto within 20 days as provided by I.C. § 13–203. In addition thereto, a valid bond has been substituted. The three above-cited Idaho cases are therefore expressly overruled as far as they conflict with this opinion.

We then come to the merits of the case. Plaintiff and respondent contends that his relationship with defendant and appellant was that of employer and employee, he owning the lumber yard at Arimo, and appellant acting as his manager. Appellant contends that they were partners under an oral partnership agreement.

The action began as a complaint on an open account for money received. Defendant filed a cross-complaint for breach of an alleged partnership agreement. The complaint was later amended to include causes of action for work and labor, for money allegedly withdrawn from the business by defendant, for repayment of two loans, and for the value of a radio which the defendant was alleged to have possession of, which belonged to the plaintiff.

The court permitted the respondent to amend his second cause of action at the close of the testimony to conform to the proof, by increasing the amount claimed due from appellant.

Upon trial of the case, the jury found in favor of the plaintiff in each of the five causes of action in the exact amount asked by plaintiff in each cause of action except as to cause No. 4, which was reduced from

$205.60 to $100 as the value of the radio, the verdict being for a total of $9,835.06. The trial court entered judgment for $10,927.51, which sum included interest on the various amounts found by the jury, except as to cause of action No. 4, on which no interest was allowed.

■ The appellant contends the court erred in permitting respondent to amend his second cause of action to conform to the proof. Appellant, who was represented by other counsel in the district court, made no objection to the amendment, and challenging it now comes too late. Hall v. Boise-Payette Lumber Co., 63 Idaho 686, 125 P.2d 311.

■ Appellant further contends the court erred in adding interest to the judgment, as interest was pleaded and testimony given concerning it, but was disallowed by the jury, and that in addition thereto no dates were fixed on any of the items sufficiently to establish a date from which computation could be made for arriving at interest.

The transcript discloses that evidence was offered as to specific dates and amounts of both principal and interest at the time of proof of the various causes of action. It is apparent that the jury failed to include interest in its verdict, as it allowed, as heretofore mentioned, the exact amounts asked by plaintiff on causes of action Nos. 1, 2, 3 and 5.

Our statute, I.C. § 27–1904, provides for the allowance of six per cent interest on cases such as this. An annotation in 72 A.L.R. 1150, "Power of court to add interest to verdict returned by jury," states at pp. 1153–1154:

"When a party is legally entitled to interest on the damages that he claims, and it is apparent that the jury has failed to include the interest in its verdict, the court has power to add the interest to the amount of the verdict, if it possesses the necessary data to make the computation."

In the case of Black v. Darrah, 71 Idaho 404, at page 410, 233 P.2d 415, 419, the court stated:

" * * * Appellant was not prejudiced in any substantial right by the failure of the court to instruct the jury to add interest if they found for respondent, and in place thereof, allowing interest in the judgment."

See also Hendrix v. Gold Ridge Mines, Inc., 56 Idaho 326, 54 P.2d 254; Guyman v. Anderson, 75 Idaho 294, 271 P.2d 1020.

While interest is statutory, and may be added in certain cases to the verdict by the trial court, nevertheless if there is any question of fact as to its allowance, or as to the amount or the date from which interest should commence, the matter should be submitted to the jury for its determination.

■■ Appellant contends that the giving of instruction No. 13 was erroneous in that several other things should have been

covered other than sharing in the profits in order to constitute a partnership. This instruction reads as follows:

"You are instructed that a mere agreement to share in profits, of itself, does not constitute a partnership. There must be other facts showing that it was the intention of the parties to create and carry on such a relationship as co-owners."

The court gave the applicable part of I.C. § 53–306, defining a partnership. This instruction, taken together with all the other instructions, sufficiently covers the case, especially in view of the fact that the record does not show that appellant requested further instructions along this line. If other or more detailed instructions were desired, a request should have been made therefor to the trial court. Dawson v. Salt Lake Hdw. Co., 64 Idaho 666, 136 P.2d 733; McKinley v. Wagner, 67 Idaho 104, 170 P.2d 796; Evans v. Davidson, 58 Idaho 600, 77 P.2d 661.

Other assignments of error are made by appellant, but they are not supported by argument or citations of authority in his brief, and will not therefore be considered further. Gough v. Tribune-Journal Co., 75 Idaho 502, 507, 275 P.2d 633.

Judgment affirmed.

Costs to respondent.

TAYLOR, C. J., KEETON and SMITH, JJ., and BAKER, D. J., concur.