BAUMANN v. MANHATTAN CONSUMERS' BREWING CO.

(Supreme Court, Appellate Division, First Department.   October 21, 1904.)

1. ACTION ON EXPRESS CONTRACT—RECOVERY ON QUANTUM MERUIT.

> One suing on an express contract to recover for services rendered, who
> fails to prove the contract, but shows the rendition of the services, may
> recover on a quantum meruit.

Appeal from Trial Term, New York County.

Action by Jacob Baumann against the Manhattan Consumers' Brewing Company. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

George Hahn, for appellant.

Martin Paskus, for respondent.

HATCH, J.   The cause of action set forth in the complaint is upon an express contract entered into between plaintiff's assignor and the defendant, whereby the latter promised and agreed to pay a commission of 35 cents per barrel upon all sales of beer made by the defendant which should be procured through the agency of David Baumann, plaintiff's assignor.   The evidence in the case tended to show that Baumann was the procuring cause of the sale of a considerable quantity of beer by the defendant to a customer procured by him, and that upon such sale the plaintiff was entitled to receive a commission, which has not been paid.   The proof failed to establish with certainty the existence of the express contract as counted upon in the complaint.   Upon this subject the court charged the jury:

> "If there was no usual commission, if there was no usual contract, the plaintiff must fail, because he does not sue on a quantum meruit. He does not sue for what his services were reasonably worth. The question is not open to you to determine what his services were reasonably worth. He must satisfy you that there was a usual commission, and that he has earned that. * * * Upon the other side, * * * witnesses testified that * * * there was no usual commission, and if you determine upon the weight of evidence that the plaintiff has not satisfied you that there was a usual commission, then he must fail, because, having come into court upon a certain state of facts as alleged in his complaint, he must stand or fall upon that complaint."

To this charge the plaintiff excepted.   The charge, as made, was erroneous.   It was decided by this court in Shirk v. Brookfield, 77 App. Div. 295, 79 N. Y. Supp. 225, that where the complaint counts upon a special contract, and the plaintiff fails in establishment of the same, but does show that in fact services were rendered, he may recover upon a quantum meruit.   Such rule has long been the settled law.   Sussdorff v. Schmidt, 55 N. Y. 319.

For this error it follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.