(120 App. Div. 344)

### ZIEGLER v. FREEDMAN.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

1. JUDGMENT—RES JUDICATA—GROUNDS OF ADJUDICATION—PAYMENT AS A POSSIBLE GROUND.

In an action to recover on a quantum meruit for services, where defendant pleaded in bar a judgment for defendant in a prior action brought by plaintiff's guardian ad litem for the same services on an alleged express contract, in which the defenses were payment and accord and satisfaction, and it appeared that both actions were for the same services, and that the court instructed on the trial of the former action that plaintiff could recover only on an express contract, and also instructed that though there was an express contract, if the claim had been settled in full, plaintiff could not recover, the former judgment was a bar to the instant action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1092, 1093, 1250.]

2. APPEAL—DISPOSITION OF CAUSE—REVERSAL AND DISMISSAL.

Where a judgment is reversed on appeal on the law as applied to the facts, and it is manifest that the facts cannot be changed on a new trial, the complaint will be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4579.]

Appeal from Trial Term, New York County.

Action by Jennie Ziegler against Herman Freedman. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed and dismissed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Herman J. Rubenstein, for appellant.
Samuel Greenbaum, for respondent.

LAUGHLIN, J. This is an action to recover on a quantum meruit for work, labor, and services alleged to have been rendered by the plaintiff to the defendant between the 1st day of August, 1897, and the 15th day of April, 1903, inclusive, a period of 294 weeks. The answer puts in issue the material allegations of the complaint, and for a first separate defense pleads payment, for a second separate defense pleads an accord and satisfaction, and for a third separate defense pleads in bar a judgment recovered in an action brought in the Supreme Court by the plaintiff, who was then an infant, by her guardian ad litem, to recover for the same services on an express contract, in which the defense of payment and of accord and satisfaction were pleaded and in which the defendant recovered judgment.

Upon the trial of this action the judgment roll in the former action and the evidence introduced and all the proceedings on the trial thereof were received in evidence. It appears from the complaint in the former action that it was brought to recover for the identical services upon an express contract to pay $9 per week therefor. Upon the trial of that action, evidence was introduced, under the separate defenses interposed by the answer, tending to show that the plaintiff's claim had been paid and settled in full. The court instructed the jury upon the trial of the former action that the plaintiff could only recover upon an express contract, but also instructed them that, if they found that the express contract was made as alleged, they were then to determine upon the evidence whether the plaintiff's claim had been settled in full, and that, if so, the plaintiff could not recover. The jury rendered a general verdict in favor of the defendant. In these circumstances it is clear that the former judgment is a bar to this action. The jury may have found that the express contract was made, but that the plaintiff's claim was settled. Evidence upon both issues was before the jury, and submitted to them for determination. The precise theory upon which the verdict in the former action was rendered is not disclosed by the record; and, since it may have been upon a theory from which it would necessarily follow that plaintiff had no cause of action either upon an express contract or quantum meruit, the judgment must be deemed a bar.

It is therefore unnecessary to decide the further contention of the appellant that since the plaintiff might have recovered in the former action for the value of her services, without amending her complaint (Baumann v. Manhattan Consumers' Brewing Co., 97 App. Div. 470, 89 N. Y. Supp. 1088), even though she failed to establish an express contract, the judgment should be deemed a bar upon the theory that the issue tendered by the complaint in this action might have been litigated in the former action, although, in fact, it was not litigated, owing to the failure of the plaintiff to introduce evidence as to the value of the services.

It follows that the judgment should be reversed with costs, and, since it is manifest that the facts could not be changed upon a new trial, judgment is directed dismissing the complaint with costs.

McLAUGHLIN, HOUGHTON, and LAMBERT, JJ., concur. PATTERSON, P. J., concurs in result.