and acceptance cannot be given, even to a ministerial act, unless there be applied to its performance judicial tests and principles.

Adopting this rule, the certificate presented, which is typical of many, recites the desire of the incorporators to form a corporation; they being of full age, and at least two-thirds being citizens, and one a resident of the state. These are not even conclusions of fact. They are bare assumptions, without proof to support them. An illustration of their inutility is furnished by the statement regarding citizenship. It is required that there be five incorporators. How can it be determined which of them constitute the two-thirds that are citizens and which the one-third that is alien? If the term "two-thirds of five men" be taken literally, it will lead to an absurdity. In case of false or erroneous statement, it would be impossible to fix responsibility upon the individuals. Their attached acknowledgment would not aid, for that merely certifies to the execution of the paper. This equally applies to the assumption of the residence of one of the signers within the state; which one? Where a number of individuals combine for the purpose of acquiring a corporate existence, each one should assume responsibility by submitting proof of the existence of the facts required by law. This should be done by affidavit containing averments, first, by all as to each being of full age; second, by each of them who is a citizen; and, third, by the one who is a resident. There should also be an averment as to whether any previous application for incorporation has been made.

It may be pointed out that it is improper to fix a definite date for the holding of the annual meeting, as that date may fall on Sunday, and the law discountenances the use of that day for such purposes.

Approval refused, with leave, however, to renew application upon certificate supported by averments as indicated.

Ordered accordingly.

---

### M. WINEBURGH ADVERTISING CO. v. SOL BLOOM.

(Supreme Court, Appellate Term. March 13, 1911.)

1. CONTRACTS (§ 319*)—PERFORMANCE—PREVENTION BY PLAINTIFF.
   Plaintiff cannot recover upon a contract not completely performed, the failure of performance of which was due to plaintiff's own act.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1493–1507; Dec. Dig. § 319.*]

2. CONTRACTS (§ 319*)—PERFORMANCE—ACQUIESCENCE IN NONPERFORMANCE.
   One for whom plaintiff contracted to erect signs, by making payments under the contract, after being told that one of the signs could not be erected, acquiesced in the failure to erect such sign, and hence could not claim a disaffirmance on that ground.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1501; Dec. Dig. § 319.*]

3. WORK AND LABOR (§ 14*)—RIGHT OF ACTION.
   In an action on a contract by which plaintiff agreed to erect signs for defendant, plaintiff may recover on the quantum meruit the reasonable value of the signs actually erected, though not entitled to recover on the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contract put in evidence; a recovery on the quantum meruit being permitted where plaintiff pleads the contract, but does not prove that it fixed the value or price.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 31; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the M. Wineburgh Advertising Company against Sol Bloom, a corporation. From a judgment for plaintiff, defendant appeals. Affirmed.

The following is the opinion of Spiegelberg, J., in the trial court:

The plaintiff brings this action to recover the sum of $381.28, for painting and maintaining certain advertising bulletins at various points in the borough of Manhattan. Upon the trial the plaintiff introduced in evidence a contract, signed by the defendant, whereby the plaintiff agreed to maintain the advertising signs at five points for the period of six months for the sum of $720, payable $120 monthly. This contract enumerates the five street locations, and opposite each the price per month for each location is given. These individual items amounted to $145, which would make the total contract price for six months aggregate the sum of $870. Mr. Michaelis, on behalf of the plaintiff company, testified that at the interview with Mr. Bloom, the defendant's president, which resulted in the making of the contract, Mr. Bloom objected to the charge of $145 per month, and that a concession was made fixing the price at $720, and that that amount was inserted in the contract. The copy of the contract introduced by the defendant does not contain the separate items opposite the street names at which the signs were to be maintained. Both contracts are in the handwriting of Mr. Michaelis, who testified that the figures were inserted in the copy of the contract produced by the plaintiff before its signature by the defendant, but through inadvertence was omitted in the copy retained by the defendant. On the other hand, Mr. Bloom testified that no agreement for any separate charges was made, but that he only contracted for a lump sum covering all the spaces. It is conceded that one of the signs was neither painted nor maintained. As far as the others are concerned, the plaintiff complied with its agreement; but the defendant now resists payment on the ground that the contract was an entire one, and that the plaintiff, having sued upon the contract which it admittedly did not perform, cannot recover.

The first objection is, in my opinion, without any merit at all. The rules applicable to the divisibility or the entirety of a contract have been very elaborately discussed in the recent case of Clark v. West, 137 App. Div. 23, 122 N. Y. Supp. 380. Upon the facts in this case, and the interpretation to be put upon the contract, I think that the arrangement between the parties in this case was divisible, permitting a recovery for the signs actually maintained; but, in the view that I take of this case, the plaintiff's recovery is not limited to the theory that the contract in question is a divisible one, for the reason that it bases its recovery, not upon the contract introduced in evidence, but upon a quantum meruit. It is true that the plaintiff introduced the contract in evidence, and it is equally true that recovery cannot be had upon a contract which has not been entirely performed and the completion of which has been prevented by the act of the plaintiff. Referring to the facts at the time of the signing of the contract above mentioned, I think the plaintiff's version must be accepted. I do not believe that Mr. Bloom willfully misstated the facts; but he may have been mistaken as to the time of the insertion of the separate charges for each space, while, on the other hand, the testimony of Mr. Michaelis, if false, can only be explained by charging him with deliberate falsehood. If, as the defendant would have us believe, Mr. Michaelis inserted the figures in question after the execution of the contract by Mr. Bloom, he was guilty of gross fraud,

and his testimony denying it could not be reconciled with the plea of an honest mistake. I have no reason whatever to doubt Mr. Michaelis' veracity. In fact, his testimony was straightforward and commended itself to the court. According to Mr. Michaelis' evidence, a price was made and inserted in the contract for each space, and thereafter a horizontal reduction was made of 17½ per cent. It further appears that by December 23, 1907, four signs were completed, and that on or about that date Mr. Bloom was informed of the fact; also that the sign at Lexington avenue and Fifty-Ninth street could not be furnished. Here, again, is a contradiction in the testimony. Mr. Michaelis testified that Mr. Bloom made no particular objection when informed of the failure to procure the Fifty-Ninth street sign, while Mr. Bloom's testimony is to the effect that he stated to Mr. Michaelis that the contract without the Fifty-Ninth street space was of no use to him. Even if full credit be given to Mr. Bloom's version, how can a disaffirmance of the contract be predicated upon his testimony, when, as a matter of fact, he made, after December 23, 1907, two part payments of $75 each on account of the contract, one on February 3, 1908, and one on March 17, 1908. I have no hesitation in holding that Mr. Bloom acquiesced in the failure of the plaintiff to furnish the Fifty-Ninth street sign.

It may, perhaps, have avoided complications if the plaintiff had introduced evidence showing the reasonable value of the four signs, without, in the first instance, introducing the contract in evidence. If the plaintiff had relied solely upon its contract, the complaint would necessarily have been dismissed; but as testimony was given showing the reasonable value of each sign, there is no reason why the plaintiff should be denied payment for the services which he has actually rendered to the defendant. It has been said in Rubin v. Cohen, 129 App. Div. 395, 113 N. Y. Supp. 843: "With respect to services performed and materials furnished, it has become the settled law that under a declaration in a special contract, if the proofs fail in establishing such contract, but do in fact show a rendition of services, a recovery may be had upon a quantum meruit." The case of Lockhart v. Hamlin, 190 N. Y. 132, 82 N. E. 1094, holds: "It is true that the plaintiff did not establish his right to recover upon a contract for a specific sum, as alleged in the complaint; but this did not preclude him from recovering as upon a quantum meruit for the value of the services which he rendered upon the defendant's employment, if that employment was established to the satisfaction of the jury. Sussdorff v. Schmidt, 55 N. Y. 319."

Whatever may have been the rule laid down by some of the older cases, it is quite clear that the courts are now uniform in holding that a recovery will lie upon a quantum meruit, where the plaintiff pleads a contract but fails to prove the value or the price fixed by the contract. A different rule applies where it is sought to recover on a quantum meruit in the face of a contract different from and inconsistent with an arrangement supporting a quantum meruit. This distinction is clearly shown in the late case of Donovan v. Harriman, 139 App. Div. 586, 124 N. Y. Supp. 194. The cases relied on by the learned counsel for the plaintiff, such as Exeter Machine Works v. Wonham-Magor Engineering Works, 134 App. Div. 386, 119 N. Y Supp. 105, and others, have no application whatever. They fall within the condemnation of the Donovan Case, supra.

The plaintiff in this case, having proved the reasonable value of its services, is entitled to the amount thereof, less the part payments made by the defendant. Judgment is therefore directed for the plaintiff for the sum demanded in the summons, to wit, $381.28.

Argued before SEABURY, P. J., and PAGE and BIJUR, JJ.

Townsend, Einstein & Guiterman, for appellant.
Malcolm Sundheimer, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of Mr. Justice Spiegelberg.