CLAUDE COLE, Appellant, *v.* MAX CANNO and ABE CANNO, Copartners, Trading as CANNO BROTHERS, or CANNO'S DAIRY, Respondents.

Third Department, July 1, 1918.

**Master and servant — action for personal services — recovery upon quantum meruit.**

In an action by an employee for personal services *held* that under the pleadings and upon the evidence the plaintiff is entitled to recover upon a *quantum meruit.*

COCHRANE and H. T. KELLOGG, JJ., dissented.

APPEAL by the plaintiff, Claude Cole, from a judgment of the County Court of Sullivan county, entered in the office of the clerk of said county on the 17th day of April, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of May, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*John D. Lyons,* for the appellant.

*Arthur C. Kyle,* for the respondents.

JOHN M. KELLOGG, P. J.:

It was a question of fact whether the employment of the plaintiff was to continue until December, and the verdict settles that question in favor of the defendants.

There is no substantial dispute in the evidence that the plaintiff was in the employ of the defendants, and they were bound to pay him for his services, while making the cheese, at three cents for each can of milk. His services were paid for to June first, but nothing has been paid for his services from June first to June twenty-first. Under the charge of the court the jury should have rendered a verdict for the plaintiff for compensation for that period of time. It does not appear definitely how many cans of milk were delivered during the time. It does, however, appear that for the month of April the plaintiff earned and was paid thirty-one dollars and sixty-eight cents, and for May thirty-three dollars and six cents, and that 4,312 cans of milk were delivered at the factory from June first to November thirtieth, making an average of about 719 cans per month from June to December. Undoubtedly the milk supplied was much greater in June and July than in November. It would not be unjust to the defendants to find that the June delivery was equal to that of May. Therefore, plaintiff was entitled to judgment for at least twenty-two dollars and sixty-eight cents, with interest thereon from June 21, 1912. Under the pleadings, and upon the evidence, the plaintiff was entitled to recover upon a *quantum meruit.* (*Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.,* 173 App. Div. 113, 115, and cases cited; *Lockhart* v. *Hamlin,* 190 N. Y. 132, 137; *McKeon* v. *Van Slyck,* 223 id. 392, 399.)

The judgment and order, therefore, should be reversed and judgment directed for the plaintiff for twenty-two dollars and sixty-eight cents, with interest from June 21, 1912, with costs and disbursements in the County Court and in this court.

All concurred, except COCHRANE and H. T. KELLOGG, JJ., dissenting.

Judgment and order reversed and judgment directed for the plaintiff for twenty-two dollars and sixty-six cents, with interest from June 21, 1912, with costs in this court and in the County Court. The court disapproves of the finding that the plaintiff was not employed and did not render services to the defendants from June first to June twenty-first.