[Civ. No. 5821. First Appellate District, Division Two.—September 12, 1927.]

LOUISE MURERO, Appellant, v. REINHART LUMBER COMPANY et al., Respondents.

Reisner & Deming for Appellant.

Louis V. Crowley for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover a judgment for damages alleged to have been suffered by reason of being struck by an antomobile truck owned by the defendant Lumber Company and operated by the defendant Peter Leonard. The defendants answered and a trial was had before the trial court sitting with a jury. The jury returned a verdict in favor of the defendants and the plaintiff has appealed.

The plaintiff contends that the trial court erred in instructing the jury. Before considering the specific instructions it is necessary to state some of the facts.

About 9 o'clock in the morning on the twenty-sixth day of September, 1923, the plaintiff had ridden on an eastbound car across Sixteenth Street to Bryant Street in San Francisco. She claimed that the car stopped on the east side of Bryant Street, and that she stepped down on to the ground and turned to assist her daughter-in-law to also alight. While so standing immediately alongside of the car she claims that the defendants' truck approached from the west and knocked her down and caused the injuries complained of.

The witnesses for the defense stated quite a different set of facts. The story as recited by those witnesses, in so far as necessary to be recited, was as follow: They claim that the defendant's truck was traveling along the south side of Sixteenth Street toward Bryant Street. That when it reached Bryant Street a car was in the act of crossing over Sixteenth Street running south on Bryant; that the truck paused for that car to cross Sixteenth Street and thereafter the truck proceeded on its way. About that time a car on Sixteenth Street approached from the west going in an easterly direction. As the defendants' truck was waiting for an opportunity to cross over Bryant, the two women were standing about on the south rail of the Sixteenth Street car line, approximately on a line with the westerly sidewalk of Bryant. When the driver started ahead and when his front wheels were on the westerly rail of the south-bound Bryant Street car track he heard a yell and stopped. The plaintiff had come in collision with his left rear wheel. According to this theory the plaintiff was not in the act of alighting from any street-car, her street-car was not seen, and another street-car was approaching from the west on the Sixteenth Street tracks. In other words, it was the theory of the plaintiff that the accident occurred on the east side of the intersection of Sixteenth Street and Bryant, and it was the theory of the defendants that the accident occurred on the west side of the intersection.

The trial court gave the jury an exhaustive charge and a number of instructions. It did so in groups and stated to the jury what portion was the charge of the trial

court, what portion included instructions requested by the plaintiff, and what portion included instructions requested by the defendants. We do not understand the plaintiff to claim that any one instruction was an erroneous statement of the law. However, she does claim that some of the instructions were prejudicial—inapplicable to the case on trial. In other words, she relies on that part of section 134 of the Motor Vehicle Act (Stats. 1923, p. 517), which is as follows: ''In passing any . . . street car while passengers are alighting from or boarding the same, vehicles shall be operated or driven on the right hand side of such cars and at a rate of speed not exceeding ten miles an hour and no portion thereof or of any load thereon shall come within six feet of the running board or steps of such cars . . . '' That six-foot space she claims is a zone to which she had a superior right, and in which she could stand relying on the presumption that all others would obey the law and not injure her while she was standing in that position. That contention it may be conceded is wholly sound. However, the concession does not assist the plaintiff. The trial court fully instructed the jury on that subject. Just as it was the duty of the trial court to instruct the jury giving all proper instructions supporting the theory of the plaintiff, it was equally the duty of the trial court to give to the jury all proper instructions supporting the theory of the defendants. It could not give all of the instructions in one. It is settled law, however, that all of the instructions are to be read together. As so read the instructions given in the instant case are not in conflict, but are full, fair, and exact. From an examination of the record it will readily be seen that the jury could not have been misinformed regarding the plaintiff's six-foot zone and her special rights therein. It is equally clear that if, as testified to by the witnesses for the defendants, the plaintiff's car had long since passed by and there was not involved a question of alighting from, or boarding a car, then it is equally clear that the jury should have been advised and was advised of the rights of the respective parties to use the streets.

The last point made by the plaintiff is that the court erred in limiting the plaintiff on her cross-examination of Dr. McElroy, a witness tendered by the defendants. In this connection the record discloses that on cross-examination the

plaintiff attempted to prove that Dr. McElroy is frequently called, and in the past has been frequently called, as an expert witness on questions of medical jurisprudence. She stated that in entering upon that line of proof she expected to show Dr. McElroy's interest. The trial court informed her that she was entirely at liberty to make any showing to place before the jury the interest of the witness. However, the trial court ruled that a showing that Dr. McElroy had frequently been called as an expert witness was not evidence showing, or tending to show, his interest. The ruling was clearly correct. The evidence tendered would be material as fortifying the qualifications of the witness and thus of strengthening the case for the defendants and disproving the case which the plaintiff was attempting to introduce. The plaintiff was not prejudiced by its rejection.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1927.

Waste, C. J., and Seawell, J., dissented.