170 P.2d 796

**McKINLEY et ux. v. WAGNER.**

No. 7271.

Supreme Court of Idaho.

June 28, 1946.

Cox, Ware & Stellmon, of Lewiston, for appellant.

J. H. Felton, of Moscow, and John L. Phillips, of Lewiston, for respondents.

HOLDEN, Justice.

The automobile accident out of which this controversy arose occurred about five o'clock in the afternoon of December 14, 1943, on Highway 95, known as the North and South Highway, between Culdesac and Sweetwater, Nez Perce County, Idaho. The highway at the point of collision between a truck owned by appellant, driven by Joseph Bridges, and a Plymouth sedan owned by respondents, driven by William McKinley, runs straight in an easterly-westerly direction for a quarter of a mile west of the point of collision and for a half mile east of the point of collision. It was plainly marked with a center line, the surface was dry, it was daylight and the view was unobstructed at the time of the collision. Thereafter, November 21, 1944, plaintiffs and respondents, William McKinley and Emma McKinley commenced this action to recover damages for personal injuries as well as for damages to the car, owned by the McKinleys and driven by William McKinley. Defendant and appellant Wagner answered the complaint for damages filed by the McKinleys and by cross complaint sought to recover damages from them. The cause was tried April 18, 1945. April 20, 1945, the jury

returned a verdict in favor of plaintiffs and respondents for the sum of $2,912.30, upon which a judgment was entered thereon in favor of respondents and against appellant. The appeal to this court is from the judgment.

Appellant says, "This case presents four main questions:

"1. The insufficiency of the evidence to sustain the verdict and judgment for the respondents and that the same are against the law and against the evidence.

"2. The error on the part of the court in giving an instruction on last clear chance.

"3. The error of the court in refusing to permit the appellant to cross-examine respondents' doctor.

"4. That the damages awarded for the personal injuries to the respondents were excessive."

In support of the first contention that the evidence is insufficient to sustain the verdict and judgment, appellant insists "we have a situation where a driver accompanied by his wife, is proceeding down a highway on an unobstructed road, followed by a truck" and that as respondent William McKinley approached "a point opposite a closed gate on the highway leading to his premises, he slows down his car. He gives no signal of any kind, except that he states that he did open his left-hand door and blink his lights. He turns straight across the highway to make a left-hand turn into a private driveway." And, further, that "The driver of the truck, seeing the car ahead of him (the McKinley car) slow down without giving any signal, sounds his horn and pulls over to the left to pass the (McKinley) automobile. As he does so, the automobile suddenly makes a left-hand turn straight across the truck's path, and the inevitable collision ensues." Appellant further insists that "under this state of facts, the question before the court is whether or not the evidence is sufficient to sustain a verdict and judgment in favor of the driver of the automobile and his wife for the personal injuries to themselves and for the damages to their car." And also that "The driver of appellant's truck, while he must keep a sharp lookout for others who may be using the highway, is not required to anticipate that the driver of an automobile will unlawfully turn to the left in front of him *without any warning*." (Emphasis added.)

Respondent William McKinley testified on direct examination that when he got within "about a hundred and fifty feet from my turn-in, I opened the door and *stuck my arm out*," and also that his speed was "very slow." He further testified in substance, that before making the "turn-in" he looked "in the rear view mirror" and "seen nothing," and that he did not "hear any horn." On cross-examination, he testified, in substance, that before making the left-hand turn he opened the car door "and held it out like that (indicating)"; that he opened the door by pressing down on the handle; that he held the door open by holding the handle; that he "blinked" his lights; that he held the door open until he got

across the yellow line; that he opened the door "a little better than a hundred feet" from where he "went to turn in"; that he didn't think he "was going ten miles an hour" when he made the turn; that he first noticed the truck "just as the car door closed"; that when he first saw the truck it was awfully close, about three or four feet; that he was over the yellow line.

The statute, Sec. 48-517, I.C.A., as amended 1939 Sess.L., p. 182, c. 108, § 4, provides:

"(e) All signals herein required given by hand and arm shall be given from the left side of the vehicle in the following manner and such signals shall indicate as follows:

"1. Left turn.—Hand and arm extended horizontally.

"2. * * *

"3. * * *."

█ The vital question, then is: Just what signal did respondent William McKinley give immediately before starting to make the left hand turn in question? It will be noticed it cannot be determined from his own testimony, whether he extended his left hand and arm horizontally in the manner required by statute, or how or in what manner he "stuck" his left arm out, or whether instead of extending his left hand and arm he opened the left hand car door and "blinked" his lights, or whether he both "stuck" his left arm out and opened the left hand car door.

This uncertainty on a pivotal question of fact makes it necessary to order a new trial. And that, in turn, also makes it necessary to pass on appellant's third assignment of error and the contention "the doctrine of the last clear chance is not applicable to this case because it is not pleaded."

Appellant's third assignment of error is to the effect that the trial court erred in giving instruction No. 12 on the doctrine of last clear chance. By instruction No. 12, the court instructed the jury as follows:

"If you find from all of the facts and circumstances in this case that the plaintiff William McKinley was negligent in attempting to turn across said highway in front of said approaching truck and thereby negligently placed himself in a position of danger from which he was unable to extricate himself, but further find from a preponderance of the evidence that such danger to the said automobile of plaintiffs and the plaintiffs was known to the operator of the truck in time to avoid the accident; or if you find that the driver of said truck, by the exercise of reasonable care, could have known of such danger in time to avoid the accident and that the driver of said truck then failed to exercise reasonable care to avoid injuring the plaintiffs or their car and that such failure was the proximate cause of the collision and resultant damage, if any, then you are instructed that plaintiffs are entitled to recover, even though the plaintiff William McKinley was negligent in the first instance in turning across said highway.

"This is what is known as the last clear chance rule and means that where either [*or*] both parties, or the plaintiff alone, have at first been guilty of negligence and thereafter the defendant, by the exercise of ordinary care and under such conditions as then existed, could have avoided the collision and failed to exercise ordinary care to avoid it, and where such failure is the proximate cause of the accident, then the defendant is liable."

Appellant contends the "instruction is absolutely erroneous as a matter of law, because it did not make it clear to the jury that any party, either plaintiff or defendant, who has the last clear chance or opportunity to avoid an accident, notwithstanding the negligence of his opponent, is considered solely responsible for it."

In support of the contention the court erred in giving instruction No. 12, appellant cites Pilmer v. Boise Traction Co., Ltd., 14 Idaho 327, 94 P. 432, 433, 15 L.R.A., N.S., 254, 125 Am.St.Rep. 161. In that case, this court held (to which holding we adhere) as appears from headnotes 12 and 13, prepared by the court:

"A person who has the last clear chance or opportunity of avoiding an accident, notwithstanding the negligence of his opponent, is considered in law solely responsible for such accident."

"Although the action of the one injured may have been the primary cause of the injury, yet an action for such injury may be maintained, if it be shown that the defendant might by the exercise of reasonable care and diligence have avoided the consequences of the injured party's negligence."

We turn again to instruction No. 12, from an examination of which, it will be observed, the trial court instructed the jury if it found respondent William McKinley was negligent in attempting to turn across the highway in front of the approaching truck and thereby negligently placed himself in a place of danger from which he was unable to extricate himself, but found further from a preponderance of the evidence such danger was known to the operator of the truck in time to avoid the accident, or if it found the driver of the truck, by the exercise of reasonable care, could have known of such danger in time to avoid the accident, and the driver of the truck either failed to exercise reasonable care to avoid injuring respondents or their car and such failure was the proximate cause of the collision and resulting damage, if any, then respondents were entitled to recover even though respondent William McKinley was negligent in the first instance in turning across the highway. The court then, and by the same instruction, instructed the jury that that is what is known as the last clear chance rule and that it meant where either or both parties (which *necessarily* included appellant) "or the plaintiff alone, have at first been guilty of negligence and thereafter the defendant, by the exercise of ordinary care and under such conditions as then existed, could have avoided the collision and

failed to exercise ordinary care to avoid it, and where such failure is the proximate cause of the accident, then the defendant is liable."

■ It will be seen the instruction clearly followed and is in harmony with the rule announced in Pilmer v. Boise Traction Co., Ltd. (supra). Furthermore, respondents had a right to an instruction which instructed the jury on their theory of the case, based upon the evidence, as it was. And, too, if appellant desired an instruction on his theory of the case, he should have requested it.

■ We direct attention to the following holding of this court in Idaho Gold D. Corporation v. Boise Pay. L. Co., 64 Idaho 474, 480, 133 P.2d 1017, 1019: "It is the duty of the trial judge to instruct the jury upon every reasonable theory of either party finding support in the pleadings and evidence. Brown v. Yocum, 113 Cal.App. 621, 298 P. 845, 846; Graham v. Consolidated Motor Transport Co., 112 Cal.App. 648, 297 P. 617, 618; Cassinelli v. Bennen, 110 Cal.App. 722, 294 P. 748, 750; Nelson v. Myers, 94 Cal. App. 66, 270 P. 719, 724; Ritchey v. Watson, 204 Cal. 387, 268 P. 345, 347; Murero v. Reinhart Lumber Co., 85 Cal.App. 385, 259 P. 494, 495. Furthermore, the trial court should instruct upon respondents', as well as appellant's theories of the case where appropriate instructions are presented, as in the case at bar, insofar as the instructions above quoted are concerned.

Nash v. Meyer, 54 Idaho 283, 302, 303, 31 P. 2d 273."

Next, it is contended "the doctrine of last clear chance is not applicable to this case because it is not pleaded."

■ In the case at bar, respondents, in addition to specific allegations of negligence, also alleged the "agent, servant and employee (Joseph Bridges) of the defendant" (appellant) *carelessly* drove, operated and managed the truck (owned by appellant, but driven by Bridges); that by reason of his (Bridges') negligence and carelessness, he caused the truck to strike and collide with the left portion of the McKinley automobile with great force and violence. Respondents further alleged appellant's truck driver *"unlawfully* failed to heed plaintiff's (William McKinley's) left arm signal"; that the truck was operated "at an *excessive* and *unlawful* rate of speed and a speed in excess of thirty-five miles per hour"; that the truck driver *"unlawfully* failed to keep and drive said truck to the right side of the said yellow line in the center of said highway"; that the truck driver "carelessly, negligently and *unlawfully* failed to give any signal by horn or otherwise indicating his intention to pass to the left of the plaintiffs." (Emphasis added.)

Appellant answered denying these allegations and alleged contributory negligence on the part of respondents. In Evans v. Davidson, 58 Idaho 600, 614, 615, 77 P.2d 661, an almost identical situation was presented.

In that case appellants made substantially the same contention made by appellant Wagner, in the case at bar, that the complaint made no suggestion (in other words, did not plead) the last clear chance doctrine would be relied upon, and further, and as in the instant case, that the doctrine has no application where there is concurrent or contemporaneous negligence by plaintiff, therefore, the trial court erred in instructing the jury on the last clear chance. This court "held that the last clear chance doctrine is authorized by the pleadings, where the complaint alleges negligence of the defendant and the answer denies it, and alleges that the accident was caused by the plaintiff's negligence."

Judgment is reversed and the cause remanded with directions to the trial court to grant a new trial. Costs awarded to appellant.

AILSHIE, C. J., and BUDGE, GIVENS and MILLER, JJ., concur.