233 P.2d 410

**LEMMAN v. McMANUS.**

No. 7733.

Supreme Court of Idaho.

July 5, 1951.

As Amended on Denial of Rehearing

July 24, 1951.

J. H. Felton and William J. Jones, Lewiston, for respondent.

Frank Kimble, Orofino, for appellant.

THOMAS, Justice.

The appellant, the plaintiff below, brought an action against the respondent, the defendant below, to recover a money judgment for board and room and money alleged to have been advanced by the plaintiff to the defendant aggregating an alleged balance of $686.95; the defendant answered setting forth a general denial and also a separate defense in the nature of a counterclaim in which he admitted indebtedness to the plaintiff aggregating the sum of $532 and set up a counterclaim in which he alleged that the plaintiff owed him $757

468

which was some $225 in excess of the claim of the plaintiff; among the items set up in the counterclaim of defendant was $130 for a rifle.

At the close of all the evidence the jury returned a verdict in the following language: "We, the jury impanelled to try the above cause find for the defendant in the sum of $    such gun".

The plaintiff has appealed from said judgment and makes numerous assignments of error including an error refusing to • give plaintiff's requested Instruction No. 2, which stated both the theory of the plaintiff and of the defendant as disclosed by the pleadings and the evidence. No instruction with reference to the theory of the case of either party was given.

This court has held through a line of unbroken decisions that it is the duty of the trial court to instruct the jury upon every reasonable theory of either party to the controversy which finds support in the pleadings and the evidence. McKinley v. Wagner, 67 Idaho 104, 170 P.2d 796; Mason v. Hillsdale Highway Dist., 65 Idaho 833, 154 P.2d 490; Idaho Gold Dredging Corp. v. Boise-Payette Lumber Co., 64 Idaho 474, 133 P.2d 1017, and the numerous cases therein cited and referred to.

It was the trial court's duty to instruct the jury upon the decisive issues which were set forth in the pleadings and the evidence and its failure to do so is reversible error.

Because of the conclusions hereinabove reached we do not deem it necessary to discuss or consider any other assignments of error which were urged.

The judgment is reversed and the cause remanded with instructions to the trial court to grant a new trial.

Costs to appellant.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.