257 P.2d 228

**COOK v. SALTZER.**
No. 7910.

Supreme Court of Idaho,
May 12, 1953.

Kibler & Beebe, Nampa, for appellant.

Garrity & Garrity, Nampa, for respondent.

GIVENS, Justice.

Respondent orally hired appellant, carpenter and builder, to build a house of rather unusual design and style. Appellant was to have over-all and general supervision of the entire construction, buy all materials and hire the labor, except for the plumbing, heating and wiring, which were done by independent parties. Payments were made directly by respondent or through appellant.

Appellant contends it was also thus agreed that his compensation was to be on a cost plus or percentage basis of the total cost of the building, in addition to his weekly wages at $2.25 per hour, the amount of such percentage remaining open. On the other hand, respondent contends it was agreed appellant would receive only his weekly wages.

As the house neared completion, appellant requested prospective settlement as thus claimed by him. Respondent denied and rejected appellant's claim. Negotiations for settlement were futile and appellant brought the suit herein for $4,604.25 as his first cause of action for his cost-plus additional compensation, 10% on the total cost of the house; on his second cause of action, $48.79 paid by him for social security and unemployment compensation taxes; on his third cause of action, $5.56 for workmen's compensation paid by him; and on his fourth cause of action, $60 for storage by him of materials for the construction of the building.

The jury found in favor of appellant on his second and third causes of action and against him on his first and fourth causes. The appeal is from the ensuing judgment.

Respondent does not question the timely or substantial completion of the house.

Appellant sued on an express oral contract for the extra compensation, left open only as to the amount. The court instructed as to the essentials of an express contract, but refused appellant's requested instruction on an implied contract on quantum meruit.

■ In a suit on an express contract for work and labor, where the work has been fully performed and only payment pends, recovery may be had as on an implied contract on quantum meruit if the evidence fails to show the express contract, but does sustain an implied contract. Lockhart v. Hamlin, 190 N.Y. 132, 82 N.E. 1094(3); Moreen v. Carlson's Estate, 365 Ill. 482, 6 N.E.2d 871; Shirk v. Brookfield, 77 App. Div. 295, 79 N.Y.S. 225; Baumann v. Manhattan Consumers' Brewing Co., 97 App. Div. 470, 89 N.Y.S. 1088; Rubin v. Cohen, 129 App.Div. 395, 113 N.Y.S. 843; M. Wineburgh Advertising Co. v. Sol Bloom, Sup., 128 N.Y.S. 562; Byrne v. John Gillies Co., 144 App.Div. 677, 129 N.Y.S. 602; Cole v. Canno, 184 App.Div. 384, 171 N.Y. S. 400; Hardy v. Erickson, Sup., 36 N.Y.S. 2d 823; Theodore Wetmore & Co. v. Thurman, 121 Minn. 352, 141 N.W. 481; E. D. Metcalf Co. v. Gilbert, 19 Wyo. 331,

116 P. 1017; Lorang v. Flathead Commercial Co., 112 Mont. 146, 119 P.2d 273; New v. Kansas City School of Watchmaking, Mo.App., 222 S.W.2d 966; 71 C.J. p. 50, § 14; 71 C.J. p. 82, § 42, Note 81.

The court therefore, should have given an instruction on implied contract defining it and what proof would support it. The requested instruction is confusing and incorrect and was properly refused.

Since the requested instruction was incorrect if the case were not reversed upon another ground, absence of the correct request would not require reversal. McKinley v. Wagner, 67 Idaho 104, 170 P.2d 796.

■ It is the duty generally of the trial court to instruct upon every reasonable theory of the parties to the controversy which finds support in pleadings and evidence. Jones v. Mikesh, 60 Idaho 680, 95 P.2d 575; Idaho Gold Dredging Corporation v. Boise Payette Lumber Co., 64 Idaho 474, 133 P.2d 1017; Mason v. Hillsdale Highway Dist., 65 Idaho 833, 154 P.2d 490; Lemman v. McManus, 71 Idaho 467, 233 P.2d 410.

The essential issues on the first cause of action are very simple: first, whether there was an express oral contract that appellant was to receive, for his work as contractor and supervisor, more than his weekly wages as a carpenter; second, if there was no such express oral contract, was there an implied contract to the same effect? If there was an express or implied

contract, appellant was entitled to the reasonable value of his services as contractor and supervisor of the construction of the house, in addition to his wages as a carpenter. If there was no express or implied contract that he was to receive any extra compensation, he was, of course, entitled to nothing more than his wages as a carpenter. The instructions given by the court on contractors, independent contractors, master and servant, and the relationship of the parties, were unnecessary and not pertinent and tended only to confuse the jury and on retrial, should not be given.

One Pacheco designed the house and drew the plans and during the early construction period acted in the nature of an architect for respondent. He was later discharged by respondent and subsequently left the State. At the time of the trial he was so absent and appellant was unable to locate him. After the trial, appellant got in touch with him and in support of his motion for a new trial based in part on newly discovered evidence, secured from Pacheco an affidavit to the effect that during the course of construction, both respondent and his wife stated that "Cy"—referring to S. H. Cook:

" * * * was to receive an hourly rate of pay, plus a lump sum percentage at the conclusion of the construction based upon the total cost of the residence dwelling. That in such conversations, both Mr. and Mrs. Saltzer told and related to the under-signed that such percentage was to be ten per centum in addition to hourly wages, * * * "

giving additional pertinent details as to appellant's activities in connection with the construction of the house and that appellant was unable to locate the witness before the trial, giving plausible reasons therefor, and that affiant would so testify by deposition for appellant on a new trial.

Respondent contends these statements so conflict with appellant's own testimony as to not warrant a new trial, and is merely cumulative.

Appellant testified the only oral agreement between him and respondent was that he, appellant, was to build a house, supervise the construction, etc., and be compensated as above outlined, but that the *amount* of his compensation was not discussed or agreed upon.

Respondent and his wife both testified in substance and in effect that appellant was so employed to build the house, but that appellant was to receive only his weekly wage as a carpenter.

Pacheco stated respondent told him there was an agreement between appellant and respondent as to the amount of this percentage. Conceding respondent so told Pacheco, this would not so conflict with appellant's testimony that it had not been agreed upon, as to render Pacheco's testimony unavailing to him. Pacheco's statement was not what appellant said, but what

respondent and his wife said. If, on retrial, the jury believes respondent and his wife stated to Pacheco they had agreed to pay appellant more than wages and this amount had been agreed upon, it would tend to support appellant's testimony that an agreement for an additional amount had been made, even though he stated the amount had not been agreed upon.

While the discretion of the trial judge, in refusing or granting a motion for a new trial, ordinarily will not be overruled by this Court, where newly discovered evidence is of such a nature it might affect the result, a new trial should be granted. Caravelis v. Cacavas, 38 Idaho 123, at page 128, 220 P. 110; State v. Cox, 55 Idaho 694, at page 698, 46 P.2d 1093; Brown v. Graham, 62 Idaho 388, at page 407, 112 P.2d 485.

Pacheco's affidavit is in writing and we, therefore, construe it on an equal basis with the learned trial judge. Outside of the facts and circumstances of the case and scope of appellant's work, whether there was an express contract rests solely upon the testimony of appellant, respondent and his wife, which is flatly contradictory. It is, therefore, reasonable to consider that Pacheco's testimony might affect the result.

We note in his affidavit that Pacheco indicates he will testify only by deposition. This, of course, will be admissible though it would be much better if he could be present and before the court, so the court and jury could have the benefit of confrontation.

No cross appeal challenges the judgment for appellant on the second and third causes of action. These two causes of action are severable from the other two. Gray v. Cotton, 166 Cal. 130, 134 P. 1145; Auwarter v. Kroll, 79 Wash. 179, 140 P. 326; Raleigh v. Lee, 36 Cal.App. 229, 146 P. 696; Oliver v. Polson, 105 Wash. 164, 177 P. 678; Ellis v. Klaff, 96 Cal.App.2d 471, 216 P.2d 15. The case at bar is readily distinguishable in this regard from Stearns v. Strom, 68 Idaho 392, 195 P.2d 337.

The fourth cause of action apparently sounds solely in implied contract. Therefore, the judgment as to the second and third causes of action is affirmed; hence, no instruction on workmen's or unemployment compensation need be given. The judgment is *reversed* as to the first and fourth causes of action and they are remanded for a new trial thereon.

Costs to appellant.

PORTER, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.