353 P.2d 1071

**Lyle G. WURM, Plaintiff-Appellant,**

v.

**Frank PULICE, Defendant-Respondent.**

No. 8849.

Supreme Court of Idaho.

June 30, 1960.

Brown & Peacock, Kellogg, for respondent.

Eugene F. McCann, Chas. E. Horning, Wallace, for appellant.

SMITH, Justice.

Plaintiff (appellant) brought this action to recover from defendant (respondent) damages for his personal injuries and injury to his automobile resulting from a collision with defendant's automobile, and defendant, by cross-action, sought to recover damages for his personal injuries thereby suffered.

Plaintiff alleges that the accident occurred about 7:00 o'clock the morning of April 4, 1958, on U.S. Highway No. 10 east of Kellogg; that he was traveling westerly on his own right side of the center line of the highway at a speed not exceeding 50 miles per hour, accompanied by his wife, Marie Wurm; that defendant, traveling easterly, drove his automobile across the center line "in such a reckless, careless and negligent manner as to come across the center line on said highway and into the northerly traffic lane on said highway and drive the same into and against the car being operated by plaintiff".

Defendant by his answer denies such allegations of negligence. In his cross-complaint he alleges that the morning of April 4, 1958, he was traveling easterly on his right hand side of the center line of the highway, at a speed not over 40 miles an hour; that falling rain and snow caused the highway to be wet and slushy, although visibility was good; that his windshield wipers were working; that from the place of collision, Highway No. 10 is straight for several hundred feet to the east, and inclines upward to the brow of a small hill, and is straight to the west for about one thousand feet, sloping downward to a draw or small valley, and then upward to the brow of a small hill; that plaintiff was driving his car at excessive speed considering the condition of the highway; that when plaintiff was about one hundred feet distance from the point of the accident he "carelessly and negligently permitted his vehicle to cross the center line of said highway and thereupon said automobile went into a skid causing his automobile to turn completely into defendant's lane of traffic, resulting in a collision between the two vehicles."

All the parties received injuries resulting from the accident; Mrs. Wurm was so severely injured that her death occurred ten days later; also, plaintiff's automobile was severely damaged.

Plaintiff denied the charge of the cross-complaint that he was negligent and responsible for the accident.

Trial resulted in a jury verdict of $4,626.85, followed by entry of judgment thereon, in defendant's favor.

Plaintiff appealed from the judgment and from orders of the trial court denying his motions for judgment notwithstanding the verdict, and for a new trial.

■ Plaintiff assigns error in the giving of defendant's requested jury instruction No. 3, which is a summation of the pleadings. He complains that the trial court erroneously advised the jury of defendant's allegations, "that the plaintiff caused the accident by carelessly and negligently permitting his vehicle to cross the center line of said highway and to turn completely into defendant's lane of traffic," contending that defendant abandoned such alleged theory. In support of his contention, plaintiff points to defendant's testimony which shows that the collision occurred, not in defendant's lane of traffic, but in plaintiff's lane.

Defendant, in his cross-complaint, pleaded plaintiff's negligence in permitting his automobile to cross the center line of the highway, and turning his vehicle into defendant's lane of traffic which resulted in the collision of the vehicles. The issue raised by the cross-complaint is whether plaintiff's crossing over the center line of the highway into defendant's lane of traffic, constituted the act which proximately caused the accident.

Defendant pleaded that plaintiff did cross entirely into defendant's lane of traffic, and defendant testified that he saw in his own lane of traffic, plaintiff's car and that plaintiff turned back to his own lane and then back into defendant's lane; that then, not knowing where to go, defendant turned to the left. He testified: "then he [plaintiff] was just close to me and I don't know where to go * * * only where I could go was to side to the left, and he started to go to the left," and that the accident occurred in plaintiff's lane of traffic.

The instruction was but a recital of the allegations of the pleadings. The evidence adduced by defendant does not show, as plaintiff contends, that defendant had abandoned the theory of his pleadings. Moreover, the portion of instruction No. 3 of which plaintiff complains closes with the statement: "Such allegations are denied by the plaintiff Lyle G. Wurm." Further, there was no inference that plaintiff agreed with defendant's allegations, nor that those allegations constituted proof. Such instruction merely placed before the jury defendant's theory of the case, admonishing the jury, however, that plaintiff denied the same.

■ It is the duty of the trial court to instruct the jury upon every reasonable theory of the parties to the controversy which finds support in the pleadings and the evidence. Packard v. O'Neil, 45 Idaho 427, 262 P. 881, 56 A.L.R. 317; Jones v. Mikesh, 60 Idaho 680, 95 P.2d 575; Idaho Gold Dredging Corp. v. Boise Payette Lum-

ber Co., 64 Idaho 474, 133 P.2d 1017; McKinley v. Wagner, 67 Idaho 104, 170 P.2d 796; Lemman v. McManus, 71 Idaho 467, 233 P.2d 410; Cook v. Saltzer, 74 Idaho 97, 257 P.2d 228. Such assignment is without merit.

■ Plaintiff assigns error in the trial court's refusal to allow certain examination of his witness Goodson, when recalled, contending that Goodson's testimony differed materially from statements he had made to plaintiff's counsel, and in ruling that the attempted examination of the witness constituted redirect examination.

Mr. Goodson, whom plaintiff called on direct examination, testified that he was driving easterly toward Kellogg following defendant's automobile some three-tenths to five-tenths of a mile; that he did not recall seeing defendant's car after it had proceeded over a small hill or raise in the highway and could not state how the accident happened. At the conclusion of such direct examination, plaintiff's counsel stated, "I think that's all," but requested that the witness remain through the balance of the afternoon court session, stating, "I may want to recall him." Then followed defendant's cross-examination of Goodson.

Plaintiff, after calling and examining two additional witnesses, recalled his witness Goodson. Plaintiff's counsel then marked for identification a sketch or plat. The record then shows:

"Q. Mr. Goodson, I show you this plat which is a very inexpert one drawn by myself, could you say whether or not you saw that before?

* * * * * *

"A. Yes, I have seen a drawing of this nature. * * * Yes, this is it.

"Q. * * * Isn't it a fact, Mr. Goodson, that this drawing was made by you and I, or it was made by me from information furnished by you after I came down to see you * * * and we drove out to the scene of the accident and you pointed out where the cars were and what you had seen? .

"A. Yes, that's true."

Plaintiff's counsel then moved the introduction of the exhibit in evidence. Defendant's counsel objected and moved to strike Goodson's testimony on the ground that it was improper redirect examination and offered for the purpose of impeaching plaintiff's own witness. After plaintiff's counsel had attempted further to impeach his witness, contending surprise because of the testimony of Goodson that he did not see the cars at the moment of impact, the trial court granted defendant's motion and refused admission of the exhibit in evidence.

Plaintiff predicated surprise on Goodson's testimony on direct examination, that he "didn't recall noticing defendant's car

after it broke over the hill until after it was hit," and that he couldn't say that he "had observed the two cars at the time of impact;" whereas, plaintiff contended, and attempted to show on the redirect examination, that the witness had stated to plaintiff's counsel, that he saw the Pulice car "swerve into the wrong lane of traffic and crash into the car * * * later identified as being Mr. Wurm's."

I.C. § 9–1207 provides that a party producing a witness "may * * * show that he has made, at other times, statements inconsistent with his present testimony." In Bodenhamer v. Pacific Fruit & Produce Co., 50 Idaho 248, 257, 295 P. 243, 246, this Court announced the rule applicable here in language as follows:

> "The theory under which the impeaching evidence is admitted is that appellant was surprised at the unfavorable testimony given by the witness called by him, or the witness is hostile, or the party in calling him has been entrapped to his prejudice. (Citation). *But this rule does not extend to a mere failure to testify to all the facts he was expected to testify to.* (Citations). This is true in jurisdictions having statutes similar to ours. (Citation). See Agalianos v. American Cent. Ins. Co., 62 Cal.App. 349, 217 Pac. 107, 113, holding that the testimony * * * must be damaging,

not merely negative. (Citation)." (Emphasis supplied.)

In the instant case the witness Goodson testified in a negative manner, simply failing to testify as strongly as plaintiff expected. Moreover, the record shows that plaintiff's counsel had before him, on direct examination, the very sketch or plat which he attempted to introduce in evidence on redirect examination, in that plaintiff's counsel offered it to defendant's counsel, with the latter rejected, for his use on cross-examination of Goodson. Under the statute, I.C. § 9–1207, plaintiff had the right to impeach his own witness; however, under the circumstances of plaintiff's belated action shown, the trial court's ruling was justified.

■ Plaintiff assigns error in the denial of his motion for a new trial, based upon a showing that the testimony of defendant's witness, 11-year-old Frank Hunt, came as a surprise to plaintiff, and that such testimony was not accurate. We find no merit in this assignment since plaintiff has not supplied citations of authorities or argument in support thereof. Sup.Ct.Rule # 41; State v. Richardson, 56 Idaho 150, 50 P.2d 1012; Coffin v. Cox, 78 Idaho 111, 298 P.2d 742; Zenier v. Spokane International Railroad Co., 78 Idaho 196, 300 P.2d 494.

■ Plaintiff assigns error of the trial court in denying his motion for judgment

notwithstanding the verdict and in upholding the verdict, asserting that the pleadings do not support the verdict.

Plaintiff again refers to the cross-complaint wherein defendant alleges that plaintiff negligently permitted his vehicle to cross the center line of the highway causing it to turn into defendant's lane of traffic, resulting in a collision of the two vehicles. Plaintiff contends that defendant alleges the occurrence of the collision in defendant's lane of traffic, contra the evidence showing that it occurred in plaintiff's lane.

·Plaintiff's position is not meritorious because:

First: Defendant alleges that plaintiff's act, in permitting his vehicle to cross the center line of the highway into defendant's lane of traffic, in effect constituted the proximate cause of the collision; and defendant sustained the allegations of his cross-complaint, by his explanatory testimony, that plaintiff's vehicle did cross over the center line, from its lane of traffic, into defendant's lane of traffic, and that defendant attempted to avoid an accident by driving to his left; that thereupon plaintiff attempted to right his car by driving back to his right hand side and proper lane of traffic, but the cars were so close together that defendant could not avoid the accident, and that the cars collided at a point over the center line of the highway to the north, in plaintiff's lane of traffic. Thus there was no variance between defendant's pleadings and his proof.

Second: Plaintiff did not show to the satisfaction of the trial court that the evidence adduced by defendant, allegedly showing a variance between his pleadings and proof, prejudiced him, plaintiff, in maintaining his action, or defense to defendant's cross-action, on the merits. Idaho Rules of Civ.Proc., rule 15 (b). He failed to make any objection whatever to the admission of defendant's testimony in the premises and to its consideration by the jury. A party cannot complain of alleged variance when he has not shown that he was actually misled to his prejudice. Peck v. Nixon, 47 Idaho 675, 277 P. 1112.

Third: Plaintiff had the right to take defendant's testimony "by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action, or for both purposes." This he did not do. Idaho Rules of Civ.Proc., rule 26(a) et seq.

Plaintiff's said assignment is without merit.

Plaintiff assigns error of the trial court in denying his motion for judgment notwithstanding the verdict and entering judgment in favor of defendant on his cross-complaint, urging insufficiency of the evidence to sustain the verdict and judgment.

Plaintiff, on direct examination, related his version of the accident:

"A. Well, we were driving along at a moderate rate of speed when I saw this car in the road coming toward me sort of swivver and then it went over towards the shoulder on the opposite side of the road and then came back and head directly at me. I tried to avoid it but I had no time for anything."

and on cross-examination:

"A. Well, as I was driving down the road I observed the car swivver a little on the highway [distant perhaps 100 to 150 feet].

\* \* \* \* \* \*

then the car secmed to go to his right, toward his shoulder and then came back almost directly across the highway towards me.

\* \* \* \* \* \*

\* \* \* my first thought was to try to get out of his way and to go into the ditch. I turned my wheel towards the ditch but I didn't have time to get out of his way."

Defendant, on direct examination, related his version of the accident:

"A. \* \* \* When I was not very far from where accident happened I saw car just right in my lane, in my side, and he turn back to his lane and he turn again in my lane and then he was just close to me and I don't know where to go, I don't want to take ditch, only where I could go was to side to the left and he started to go to left and he almost turn around and he come and hit me.

\* \* \* \* \* \*

"Q. How far do you think you were away from him or what would be your estimate of how far away it was from you when you first observed him?

"A. It was about 300 feet.

\* \* \* \* \* \*

"A. When I first saw him he was in my lane, in my right side, and then he turn back in his lane, and then he turn again in my lane and I saw him close in front and my car and I don't know where to go, the only chance I had was go on this side, the left, \* \* \* where I had to go and he turn around and he hit me."

And on cross-examination:

"Q. Is it your testimony that you were going up your side of the road? A. Yes.

"Q. Proceeding in the right hand lane? A. Yes.

"Q. Saw a car in your lane? A. Yes.

"Q. And drove onto the left hand side of the road in order to get out of his way?

\* \* \* \* \* \*

"Q. Mr. Pulice, in any event you hit the Wurm car over on the lane of traffic that you should not have been in? A. Yes."

The evidence does not conflict as to the place where the accident happened on the highway, i. e., in the lane of traffic to the north of the center line, in plaintiff's lane of traffic; nor does it conflict as to the factual situation that each party drove his automobile from his own lane of traffic into the lane of the other party. From this point forward, however, the testimony is conflicting. Each party, by his allegations and testimony, blamed the other, as responsible for the initial act of driving his vehicle from his own lane of traffic into that of the other party, thereby commencing the chain of proximate causation of the collision.

Where the evidence is conflicting on material issues of fact, it is the province of the jury to find on such conflicting evidence, and where there is substantial evidence to support a verdict, the same will not be set aside on appeal. I.C. § 13–219; Seamons v. Spackman, 81 Idaho 361, 341 P.2d 442, and authorities therein cited. This assignment is without merit.

The judgment of the district court is affirmed. Costs to respondent.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.